THE PEOPLE, on the relation of Gault, *vs.* VAN NOSTRAND.

A party peaceably in the *actual possession* of lands at the time of a forcible entry, or in the *constructive possession* thereof at the time of a forcible holding out, is entitled to proceed under the *statute of forcible entries and detainers*, although he is neither *seized of a freehold nor possessed of a term of years* in the premisses.

Proof of *actual possession* is sufficient to support the allegation in the inquisition, that the complainant was *possessed in fee simple.*

VAN NOSTRAND was proceeded against under the statute of *forcible entries and detainers,* before a judge of the Madison common pleas. An inquisition was found that *Gault,* the relator, on the 21st April, 1830, was possessed *in fee simple* of a certain messuage, with the appurtenances, situate, &c. and that on the day and year aforesaid, *Van Nostrand,* with force and arms, &c. entered and expelled Gault from the possession thereof, and from that day until the finding of the inquisition, kept out, &c. Van Nostrand traversed the inquisition, and the proceedings being removed into this court by *certiorari,* the case was brought to trial at the Madi-

son circuit in September, 1830, before the Hon NATHAN WILLIAMS, one of the circuit judges.

On the part of the plaintiffs, a *deed* of the premises in question was produced from *David Tuttle* to the relator, bearing date 1st January, 1819; and the defendant then admitted the forcible entry and detainer complained of, and all other proofs entitling the plaintiffs *prima facie* to a verdict, and gave in evidence on his part a *mortgage* of the premises in question, executed by the relator to *David Tuttle*, bearing date 1st January, 1819, to secure the payment of $2200, the whole of which became due in 1827; and shewed a foreclosure of the mortgage, and that the mortgaged premises were purchased in by the mortgagee. The defendant then offered to prove that in May, 1829, Tuttle instituted proceedings under the *landlord and tenant act*, (*Laws of* 1820, *p.* 176, *&c.*) and was put in possession of the premises, and that he, the defendant, held under Tuttle. This evidence was objected to, and rejected by the judge. The defendant then insisted that the plaintiffs were not entitled to a verdict: 1. Because by the inquisition it was found that the relator was seized of the premises in *fee simple*, and from the evidence adduced it appeared he had *no title* or *right to the possession* of the same; and 2. That Tuttle having been put into possession of the premises under color of legal proceedings, and the defendant holding under Tuttle, the inquisition for a forcible entry and detainer could not be maintained. The judge overruled these objections, and charged the jury that the plaintiffs were entitled to a verdict. The jury found accordingly. The defendant moved for a new trial.

*T. Jenkins*, for the defendant.

*J. A. Spencer*, for the plaintiffs.

*By the Court*, NELSON, J. The counsel on both sides seem to have overlooked the provisions of the *Revised Statutes* in relation to forcible entries and detainers, which have essentially changed the law applicable to that subject from what it has heretofore been understood to be. If this case was to be de-

termined independence of those statutes, I apprehend the verdict could not be sustained against the objection that the complainant was neither seized of a freehold nor possessed of a term of years in the premises.    3 *Bac.* 256, 7, *letter E.* 1 *Hawk.* 283, § 38, *ch.* 64.    13 *Johns. R.* 340.    8 *Cowen,* 226.    1 *Hall's S. C. R.* 240.

By the *Revised Statutes, vol.* 2, *p.* 508, § 3, the complaint to be made to the judge is to be accompanied with an affidavit of the forcible entry and detainer, and that the complainant has " an estate of freehold or for term of years in the premises then subsisting, or *some other right to the possession thereof, stating the same;*" and the judge is thereupon to issue a precept, &c.    By the 11th section of this act, it is provided that on the trial of the traverse, the complaint shall only be required to shew, in addition to the forcible entry or detainer complained of " *that he was peaceably in the actual possession of the premises at the time of a forcible entry, or was in the constructive possession of the premises at the time of a forcible holding out.*"    The only defence allowed to the defendant on the traverse is the denial of the forcible entry or forcible holding out, or shewing that he or his ancestors, or those whose estate he has, have been in the quiet possession of the premises three whole years together next before the inquisition found, and that his interest is not determined.    § 6 and 11.⁊

These new provisions very properly bring back the statute of forcible entry and detainer, among the most valuable of our remedial statutes, to the original intent and purpose for which the numerous English acts of which our old statute was substantially a copy were passed, to wit, to prevent individuals from doing themselves right by force, and to protect persons in the peaceable occupation of lands from a forcible dispossession without the authority of law.    4 *Black. Com.* 148. 1 *Hawk.* 274.    The construction of the English statutes by their courts, and which had been followed here, had narrowed down the remedy under them to cases where the relator was *seized of a freehold*, or was *possessed of a term for years*, and the consequence was in every other instance of a forcible entry or detainer, so far as this remedy was concerned, the wrong doer, though he entered by force and without right,

was preferred to the quiet occupant thus dispossessed; for if the former could shew on the traverse that the latter had no estate within the purview of these acts, as thus construed by the courts, he was entitled to the verdict.

It is objected by the defendant, that as the indictment alleges a *possession in fee simple* in the relator, the complainant was bound to shew such an estate on the trial. Under the revised statutes, as has already appeared, the nature of the estate has become immaterial; possession is sufficient, and I apprehend the allegation of the estate, in addition to the possession, may be rejected as surplusage. But if it was necessary to establish the fact, as alleged in the indictment, the proof of possession was evidence of it, 11 *Johns. R.* 510, and the defendant is not at liberty to rebut the inference drawn from such evidence, by shewing the kind of estate which the complainant has in the premises. 2 *R. S.* 508, 9, § 6 and 11.

The proceedings before the judge to remove the relator under the landlord's act were *coram non judice* and void. *Evertson* v. *Sutton,* 5 *Wendell,* 281.

The forcible entry and detainer was expressly admitted by the defendant on the trial, which excused the complainant from introducing evidence on that part of the case. The defendant cannot now take this objection.

Motion for new trial denied.