* By the Court,
Savage, Ch. J.
Previous to the revised statutes, all the cases show that the complainant must have stated and proved an estate in fee, or a term for years, though possession was then sufficient evidence of a fee. The revised statutes say, that the complaint shall be in writing and shall be accompanied by an affidavit of such forcible entry or detainer ; and that the complainant has an estate of freehold, or for a term of years in the pemises then subsisting, or some other right to the possession thereof, stating the same, 2 R. S. 508, § 3. The 11 § shows what must be proved as to the title, to wit, that the complainant “ was peaceably in actual possession at the time of a forcible entry, or was in the constructive possession of the premises at the lime of a forcible holding out. The object of the legislature was to extend this remedy not only to those who were seised in fee, or who had a term for years, but to all who had any legal right to the possession. The affidavit accompanying the complaint in this case, states, that on and previous to July 4th, 1833, the complainant was lawfully and peaceably possessed of the premises in question, as tenant thereof, under the executors of J. M’Inroy, deceased, who was the owner of the same. The inquisition states that the complainant was possessed of the premises as tenant at will of the executors of J. M’Inroy, and that his possession continued until he was dispossessed by the defendant. An estate at will is an interest recognized by law, and is of value to the tenantfor though the tenant at the common law holds his estate at the will of the lessor, and it therefore may be determined when the lessor pleases, yet when his estate is so determined, the tenant is entitled to the emoluments, and is so determined before rent becomes due, the rent is discharged; and for the purpose of bringing ejectment, it is considered a tenancy from year to year. In the case of The People v. Van Nostrand, 9 Wendell, 50, it was intimated that, under the revised statutes, the nature of the estate need not be set forth in the indictment, and that possession alone was sufficient. For the sake of having the pleadings and proof agree, and that the court may see that the complainant is entitled to restitution, it is certainly proper to state the complainant’s interest truly. But he is now entitled *to restitution, if he has any right to the possession. A mere intruder or trespasser could not institute proceedings under this statute, and be restored to the possession which he held unlawfully ; but every person lawfully in possession, and forcibly excluded from such possession, is entitled to the benefit of this statute. Thfe affidavit supporting the complaint in this case states a lawful possession. If this was not technically sufficient, the objection should have been taken before the judge previous to the taking the inquisition. The indictment is sufficiently certain ; it states an estate at will which is sufficient.
The second ground upon which this motion rests, is, that the judge, upon the inquisition, refused to permit the defendant’s counsel to cross-examine the complainant’s witnesses, and introduce witnesses on his part, and sum up the cause to the jury. It was well remarked by the court, in The People v. Runkel, 9 Johns. R. 156, that the proceedings under this statute are of an anomalous character; though the remedy is a civil one, yet the proceedings are in *161 form criminal. A grand jury is summoned and an indictment found, to which the defendant may plead, and then the case is to be tried by a petit jury. The revised statutes contain some new provisions, and among them is the following : “ The judge before whom such complaint shall be made, may, at the request of either party, issue his subpoena requiring any person to appear and testify before him, or before the jury of inquiry, or before the petit jury, touching the matters herein before directed to be heard by -them.” 2 R. S. 510, § 17. The word may is often construed shall, and unless it is so construed in this case, it is not compulsory upon the judge to issue subpoenas in favor of either party to testify before either jury. If it is so construed, then the defen dant is entitled to process for such witnesses as he may designate, and those witnesses are by the same section compelled to testify, and of course the judge is obliged to swear them, provided they are competent. It is indeed contrary to all analogy to legal proceedings, either civil or criminal, to permit the defendant to examine his witnesses before he is called upon to plead; but, as has been before observed, these proceedings are anomalous, and more *so under the revised statutes than under the old statutes. As the defendant has a right to introduce witnesses,, he must have a right to examine them; of course he must have a right to cross-examine the complainant’s witnesses and sum up the evidence to the jury. As this was denied by the judge, the proceedings have been irregular and must be set aside, but without costs.