# SUPREME COURT.

## CARTER agt. NEWBOLD.

On a common law certiorari, this court, although it should abstain from interfering with the decisions of inferior tribunals, in cases within their jurisdiction, *on questions of fact*, is bound to interpose to correct *mistakes of law* bearing upon the merits.

(*This seems to be adverse upon this point to Haviland agt. White, ante p.* 154, *and takes a different view of the decision in Anderson vs. Prindle*, 23 *Wend.* 616.)

The proceedings under the statute " Of forcible entries and detainers," (2 *R. S.* 507) are summary, and do not appropriately embrace the investigation of titles to real property, or the *right* to its present enjoyment.

Proof of a sufficient estate or right of possession is to be made to the judge before any process can be issued, but on the trial of the traverse before the second jury the complainant is only required to show, in addition to the forcible entry or detainer complained of, that he was peaceably in actual possession, or was in the constructive possession, at the time of the act complained of.

Nor is the defendant authorized to show or avail himself of any estate or right of possession in a stranger.

The court may in its discretion permit the defendant to move to set aside the inquisition, on the ground of the rejection of proper evidence before the jury which found it, after having traversed it before the county judge; and delay will not necessarily preclude him from obtaining relief.

N. F. WARING, *for Plaintiff*.

J. A. LOTT, *for Defendant*.

S. B. STRONG, Justice.—The plaintiff instituted a proceeding before the county judge under the statute relative to forcible entries and detainers. An inquisition was found and traversed, and then the proceeding was removed by certiorari into this court, where it is now pending. The defendant moves that the inquisition should be set aside, on the ground that evidence offered by him, and which should have been received before the jury by whom it was found, was rejected. The plaintiff objects that the motion has been made at too late a day, being upwards of a year after the return to the certiorari had been filed. The objection

would have been fatal if the motion had been founded on a mere irregularity in practice. But questions as to the admissiblity of evidence have reference to the merits, and in such cases delays do not necessarily preclude parties from obtaining relief. The action of the court is governed by the nature of the case, and where there is a discretion, its equities.

It is also objected by the plaintiff that in a certiorari at common law, or under a statute which does not in terms require any different action, this court is confined in its corrective power to the question of jurisdiction in the inferior tribunal. Such is to a very considerable extent, although not universally, the rule in England. But it has not been generally adopted in this state; and in Anderson vs. Prindle (23 *Wend.* 616), and Niblo vs. Post's administrators (25 *Wend.* 280), it was in effect repudiated by the Court for the correction of Errors. It is difficult to lay down any general rule on this subject, but it appears to me that although this court should abstain from interfering with the decisions of inferior tribunals, in cases within their jurisdiction *on questions of fact*, it is bound to interpose to correct *mistakes in the law* bearing upon the merits. It is of great importance that the rules of law, established for the good of all, should be uniformly applied in all our tribunals, whilst the community can be but little interested in the determination of a question of fact in a particular case. There are no questions more important than those which relate to the admissibility of evidence, and it is most essential to the satisfactory administration of justice that they should prevail with uniformity in all our courts.

The plaintiff also objects that it is too late for the defendant to move to set aside the inquisition after having traversed it before the county judge. Generally when a party answers in chief a pleading of his adversary, he is precluded from availing himself of any extrinsic objections to its validity. The rule is applicable to crminal as well as to civil cases, and of course to those which like that under consideration partake of the character of both classes (1 *Leach Crown Cases*, 11, 420; 1 *Chit. Cr. L.* 303). There is, however, a discretion in the court to relax the rule in a proper case, and that will be done where the objection is unknown to the party when he answers, or where he has not

then had an opportunity to urge it in an appropriate manner. The objection in this instance was known to the defendant when he traversed the inquisition, but as he was under the necessity of doing that within twenty four hours after it was found, he had not sufficient intermediate time to prepare the requisite papers for a motion to set it aside. He could, however, have made his motion promptly afterwards, and as he has not done so, and as he is not concluded on the merits by what has been done, but may yet introduce and avail himself of his evidence if it be competent, I do not think that it would be a judicious exercise of the discretion which the law gives me to set aside the inquisition at this late day.

But if the motion had been made in due season, it could not have been granted. It is founded upon the following passages extracted from the judge's return to the certiorari: " The defendant proposes to controvert the facts by which the complainant attempts to make out his estate or right of possession; and that he has not an estate of freehold or for term of years in the premises, then subsisting, or any other right to the possession thereof as will enable him to maintain the prosecution; also further in controverting his estate that it was subject to a right of way in favor of all the owners of lots on the Hicks map, holding them by conveyances in reference to and bounded by streets laid down on that map from and through the Messrs. Hicks, the original proprietors thereof, and also that it was an open street not only dedicated but actually thrown out as a public street by the owners at a period, and some time prior to the possession of the complainant, and within three years and a half; which propositions of the defendant were objected to by the counsel for the complainant and I (the county judge) then and there refused to allow the defendant to introduce such testimony, to which decision the counsel for the defendant then and there excepted." The defendant did not attempt to prove that the plaintiff was not in the actual and peaceable possession of the land when he was forcibly put out. The object of the testimony which was offered and rejected was to controvert the plaintiff's title, and his right of possession. In my opinion neither was a proper subject for the investigation of the jury by whom the inquisition was found.

Carter agt. Newbold.

The statute no doubt designed and provided for those summary proceedings for the benefit of such occupants only as " have an estate of freehold, or for term of years in the premises, subsisting at the time, or some other right to the possession thereof." But the proof of such estate, or right of possession, is to be made to the judge when the complaint is preferred, and before any process can be issued (2 *R. S.* 508, § 3). The statute no where confers upon the jury of inquiry the power to investigate the title or right of possession of either party. The fifth section provides that the jury shall proceed to make inquiry into the forcible entry, or the forcible holding complained of, and may examine witnesses on oath to be administered by the judge. The examination of witnesses must, of course, be limited to the appropriate subject of investigation, and those can be only such as are specified in the act. The proceedings are altogether statutory, and neither judge nor jury has any other power than what the act confers. On the trial of the traverse before the second jury, when the inquiry must be at least coextensive, the complainant is only required to show in addition to the forcible entry or detainer complained of, that he was peaceably in *actual* possession at the time of a forcible entry, or was in the constructive possession at the time of " a forcible holding out;" and the traverser may show in his defence that he or his ancestor, or those whose interest he claims, have been in quiet possession for the space of three whole years next before the inquisition found, and that his interest therein is not then ended; and it is declared that such showing shall be a bar to the prosecution (§ 11). No right is conferred upon the defendant to prove any interest in himself unless he has been in such possession, nor to assail the right of the plaintiff unless his possession is merely constructive. Neither is he authorized to show or avail himself of any estate or right of possession in a stranger. The statute so far follows the common law rule as to furnish no justification or defence to any one who, without any estate or right of possession in himself, disturbs the peaceable possession of another, whether that be rightful or not. We have but few decisions on the subject of forcible entries and detainers, and particularly since the change created by the Revised Statutes. The opinion of the Supreme Court in the case

of The People vs. Van Nostrand (9 *Wend.* 50), is in accordance with the views which I have expressed. In that it is said that the only defence allowed to the defendant on the traverse is the denial of the forcible entry or forcible holding out, or the possession by the defendant or his ancestor, specified in the 11th section. And it is also laid down that possession (by the plaintiff) is sufficient, and that the defendant is not at liberty to rebut the inference drawn from the possession by showing the kind of estate which the complainant has in the premises. I am satisfied that it was not the design of the legislature to cast upon either jury in these proceedings, which to have any benign effect must be summary, the burden of investigating titles to real property, or to the right to its present enjoyment. Investigations upon those subjects are often, and indeed generally very elaborate and would be very inappropriate in cases where the only result must be a continuance or change of the mere possession.

A serious objection to the defendant's offer, to which I have incidentally alluded, is that it does not include any tender of evidence to prove a right of possession in himself, or, if there is a private way over the premises, that he has a right to use it, or that if there has been a dedication of such premises as a public highway, he has a right to open it. Without such right he is a mere stranger or volunteer; and the statute no where allows a defence to any one who violently turns another out of possession, except where he acts in support of interests appertaining or confided to himself.

The motion must be denied.