[No. 3,632.]

THOMAS DENNIS v. JOSEPH M. WOOD AND J. H. JOHNSON.

EVIDENCE OF TITLE IN FORCIBLE ENTRY AND DETAINER.—In an action of forcible entry and detainer, a defendant may introduce evidence of title in himself not for the purpose of establishing or trying title, but for the purpose of showing that his entry, if wrongful, was not made with a wrongful intent, but in good faith; and if he does so, the plaintiff cannot, in rebuttal, introduce evidence showing title in him.

UNLAWFUL ENTRY AND DETAINER.—If a defendant, in an action of forcible entry, enters upon the demanded premises in good faith, under claim and color of title, his entry is not unlawful, within the meaning of the Forcible Entry and Detainer Act.

APPEAL from the County Court, City and County of San Francisco.

Action of forcible entry and unlawful detainer, to recover a lot on the northwest corner of Broadway and Gough streets, in the City and County of San Francisco. The complaint averred that the plaintiff was in the peaceable possession of the lot on the 14th day of November, 1868, and that on said day, the defendants, with a strong hand and violence, entered.

At the commencement of the trial, the defendants' counsel stated that the only defense was an entry in good faith, and under color of title.

The plaintiff then proved that he went into the possession of the premises on the 4th day of November, 1867, under a lease from R. E. Raimond, and that he remained there until about two weeks before the 14th day of November, 1868, when he left temporarily, and locked up the house, and kept the key. That he returned on the 14th day of November, and found the door broken open, and two men in the house. That the two men said they were in the employ of J. M. Wood, and refused to let him enter. That he returned in the evening and went into the house, and shortly after, defendant Wood came in and told him to leave, and shoved him out of the house.

The defendants offered, in evidence, several deeds showing a chain of title from Herman Winchester to defendant Wood, from 1851 to October, 1868. The defendants also offered evidence tending to show the former possession of those through whom Wood deraigned title. The plaintiff, in rebuttal, and against the objection of the defendants, was allowed to read in evidence several deeds through which the plaintiff's lessor, Raimond, deraigned title from James E. Sheldon, the first of which was dated in 1855. The Court below rendered judgment for the plaintiff, and the defendants appealed.

*J. M. Wood,* in *pro. per.*

The Court below erred in admitting, against the objection of defendants, any evidence of title in plaintiff's lessor, in rebuttal to proof of title in the defendant Wood.

The issue was not one of title, nor did the issue depend upon the validity of the title which the defendants produced.

The statute does not contemplate that the County Courts may try issues of title, and this action cannot be substituted for the action of ejectment. Even if it were so, the proof in this case shows the paramount title to be in the defendants. Proof of title in the defendants is allowed

solely for the purpose of showing that the entry was made in good faith, but not for the purpose of trying title. (*Thompson* v. *Smith*, 28 Cal. 532; *Shelby* v. *Houston*, 38 Cal. 422; *Hodgkins* v. *Jordan*, 29 Cal. 578.)

The question as to what constitutes an unlawful entry within the meaning of the statute has been declared to be an entry made in bad faith, without any *bona fide* claim or color of legal right, and not an entry made under claim of title asserted in good faith. (*Shelby* v. *Houston*, 38 Cal. 422, and the cases there cited.)

*John Hunt, Jr.*, for the Respondent.

If the Court erred in permitting plaintiff to offer to prove title in him to the premises, the error could not injure defendant; first, because if defendants' testimony tended to prove the only defense they relied on, namely, " an entry in good faith, owning the title," it was competent for us to prove the fact that they did not enter in good faith, under the title in fee. If the evidence of defendants' title was irrelevant, and we objected to it upon that ground and the objection was overruled, then our testimony in rebuttal was simply unnecessary, and all that can be said is, that we proved more than enough to entitle us to recover.

A judgment will not be reversed for the admission of improper evidence, which is mere surplusage, and immaterial to the issues. (*Mills* v. *Barney*, 22 Cal. 240; *Kisling* v. *Shaw*, 33 Cal. 426.)

By the Court, RHODES, J.:

The plaintiff introduced, in rebuttal, certain deeds, constituting the chain of title (or a part of it) of the plaintiff's lessor. Their introduction is defended here on the ground that they tended to rebutt the defendants' evidence, which was introduced to show that their entry was made in good faith owning the title. But the defendants' deeds were introduced, not to show that they owned the title, but that they entered in good faith under claim, and color of title. (*Thompson* v. *Smith*, 28 Cal. 532; *Shelby* v. *Houston*, 38 Cal.

422.) The plaintiff's deeds were not admissible on that or any other ground, consistent with the theory upon which this action proceeds. (*Sanchez* v. *Loureyro*, 46 Cal. 641.)

The Court found that the defendants, "during the temporary absence of the plaintiff, unlawfully, and without any right so to do, but asserting a claim of title thereto, entered into and upon such premises." It will be observed that it is not found that they asserted a claim of title thereto in good faith. The evidence tends to show—and there is no contradictory evidence on the point—that they entered in good faith, under claim and color of title. If they so entered, the entry was not unlawful within the meaning of the Forcible Entry and Detainer Act. This doctrine was laid down in *Thompson* v. *Smith, supra,* and also in *Shelby* v. *Houston, supra,* in which the action was brought under the third section of the Forcible Entry and Detainer Act of 1866 (Statutes 1865-6, p. 769).

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.

Neither Mr. Chief Justice WALLACE, nor Mr. Justice MC-KINSTRY, expressed an opinion.