[No. 6,868.—In Bank.]
May 30, 1882.

## F. W. VOLL ET AL. *v.* WILLIAM HOLLIS ET AL.

NEW TRIAL—DISMISSAL OF MOTION—ORDER DENYING MOTION—PRACTICE.— After a notice of intention to move for a new trial had been filed and a statement duly prepared and certified and filed, the Court made an order dismissing the motion for want of prosecution.

　*Held:* The order must be considered as an order denying the motion; and the case is properly here on appeal.

FORCIBLE DETAINER—UNLAWFUL ENTRY—GOOD FAITH—EVIDENCE.—In an action for forcible detainer, evidence is not admissible, on the part of the defendant, to show that the entry was made in good faith and under claim and color of title. Under the Code, all entries on the actual possession of another are unlawful, and the question of good or bad faith, on the part of the defendant, no longer affects the right of the recovery.

ID.—ID.—ID.—ID.—CASES DISTINGUISHED.—*Thompson* v. *Smith,* 28 Cal. 532; *Shelby* v. *Houston,* 38 Id. 422, have no application under the provisions of the Code of Civil Procedure.

FORCIBLE ENTRY AND DETAINER—EVIDENCE.—On the trial of an action for forcible entry and detainer, a witness for the plaintiff was asked the question: "State if anything occurred with reference to that crowd of people there, with reference to the Mayor's going on the ground and ordering them to stop?" and the Court excluded the question.

　*Held:* The question should have been allowed. It related to the circumstances of the entry, and was asked to show that it was forcible.

| 60 | 569 |
| 83 | 101 |
| 60 | 569 |
| 125 | 265 |
| 60 | 569 |
| 134 | 127 |
| 60 | 569 |
| 138 | 421 |
| 60 | 569 |
| 140 | 83 |
| 140 | 166 |
| 60 | 569 |
| 142 | 299 |

ID.—ID.—The court also ruled out the following questions to a witness of the defendant: "During that time, there was a litigation pending in regard to this property between you and Mr. Voll?" "Was there not a suit brought by yourself in the Twelfth District Court to quiet title, in which you set up this very possession against Mr. Voll?"

*Held:* The questions were proper. They had reference to the relations between the witness and the plaintiff Voll, and were asked to show a state of feeling by witness towards Voll, as to which the questions were allowable. The Court erred in sustaining the objections.

APPEAL from a judgment for the defendants, and from an order denying a new trial, in the County Court of the City and County of San Francisco. WRIGHT, J.

*George Turner,* and *McClure, Dwinelle & Plaisance,* for Appellants.

An order dismissing a motion for a new trial is, in effect, a denial of the motion. (*Warden* v. *Mendocino County,* 32 Cal. 655; *Griffith* v. *Gruner,* 47 id. 644.)

The Court erred in admitting evidence to show that defendant Hale claimed the lot in controversy under the objection of plaintiff's counsel.

The title to the property involved in an action for forcible entry can not be tried therein; and whatever may be the nature of the claim which a defendant may make to the land forcibly entered upon, it can not avail him in his defense. (*Mitchell* v. *Davis,* 23 Cal. 381.) The Court erred in allowing the introduction of title deeds of defendants Hale and Hollis to the lot in controversy, under the objection of plaintiffs' counsel. Title deeds are not admissible when plaintiff relies upon a forcible entry and detainer. (*Thompson* v. *Smith,* 28 Cal. 527 ; *McCauley* v. *Weller,* 12 id. 500.)

*Jarboe & Harrison,* for Respondents.

The motion for a new trial was dismissed for want of prosecution. There is nothing in the record tending to show that the Court in so doing did not exercise a proper discretion, and in the absence of such showing its action should be sustained. (*Mahony* v. *Wilson,* 15 Cal. 42; *Frank* v. *Doane,* 15 id. 302; *Boggs* v. *Clark,* 37 id. 236.)

The plaintiff's counted in their complaint upon an unlawful entry upon the lot by the defendants in the absence of

the plaintiffs, as well as for a forcible entry. The defendants claimed to be the owners of the land, and that their entry was in good faith and peaceable. Upon this issue the defendants offered testimony tending to support their claim, such as the ownership and prior occupation by Butler from 1869 to 1875, his conveyance to Hale, the occupancy of the lot by Hale under that conveyance, as well as his claim to be the owner of the land, and the deed from Hale to Hollis. Such evidence was clearly admissible. (*Thompson* v. *Smith*, 28 Cal. 532; *Shelby* v. *Houston*, 38 id. 422.)

*Jarboe & Harrison*, for Respondents. On petition for re-hearing.

In an action for statutory "forcible detainer," when the question of actual force is not in issue, but the only question to be determined is whether the entry was "unlawful" if made "during the absence of the occupant," the defendant should be permitted to show his right of entry. If he has the right of entry it can not be "unlawful;" and if he enters in good faith under the belief that he has the right of entry, such entry is not "unlawful" within the meaning of the statute.

For the purpose of determining whether his entry was in "good faith," he should be allowed to show the reasons for his belief that he had the right of entry.

We concede what the Court says in its opinion, viz.: "Title is not in issue or controversy in this action," but we contend for what was said by the Court in *Thompson* v. *Smith*, 28 Cal. 532, viz.: "The conveyances were admissible, not for the purpose of establishing title, but to show that the entry was made in good faith and under claim and color of title, and therefore not unlawful, within the meaning of the term as used in the Act under which the suit was brought." This has been the uniform language of the Supreme Court of this State whenever this question has been before it.

In this connection, we ask the Court to compare Section 1,172 of the Code of Civil Procedure with Section 9 of the Forcible Entry Act (Stat. of 1865–6, p. 770), under which the former decisions of the Supreme Court were made. From a comparison of the statutes, it is evident, we think, that the

law upon the subject of forcible entry and detainer is the
same now as it has been since the passage of the Act of
1865–6, and if so, that the same "elements in a defense to a
forcible detainer" exist under the Code as existed under the
Act of 1865–6. (*Thompson* v. *Smith,* 28 Cal. 532; *Shelby* v.
*Houston,* 38 id. 422; *Dennis* v. *Wood,* 48 id. 361; *Phœnix M.
& M. Co.* v. *Lawrence,* 55 id. 143; *Janson* v. *Brooks,* 29 id.
221; *Dickinson* v. *Maguire,* 9 id. 48.)

Thornton, J.:

This action is brought to recover possession of a lot in San
Francisco. It was brought under the provisions of the Code
of Civil Procedure contained in Chapter iv, Part III, Title III
of that Code. The complaint contains two counts, one for a
forcible entry and the other for a forcible detainer. The cause
was tried by the Court without a jury, and judgment was
rendered for defendants. The plaintiffs moved for a new trial,
and on the third day of October, 1879, this motion was, on
motion of defendants' attorney, no one appearing for plaintiffs,
dismissed for want of prosecution. An order was entered to
that effect. An appeal is prosecuted by the plaintiffs from
the judgment and "from the order refusing a new trial."

The judgment was entered on the twentieth day of July,
1878, and the appeal from it was taken on the fifteenth of
October, 1879. This appeal from the judgment having been
taken more than a year after the same was entered, can not
be considered, and must be dismissed. (C. C. P., § 939.)

It is argued that the motion of a new trial having been
dismissed for want of prosecution by the Court below in the
exercise of a proper discretion, the appeal from it should not
be considered. At the time the order was made a statement
on this motion was on file, which, according to a stipulation
appearing in the transcript, is correct, and was filed in time and
the order should not have been made. (*Warden* v. *Mendocino
County,* 32 Cal. 655; *Calderwood* v. *Peyser,* 42 id. 111, 151.)
The order of the third of October, 1879, dismissing plaint-
iff's motion, must be considered as denying it. Such an or-
der was so construed in *Warden* v. *Mendocino County, ut supra,*
and we shall follow the ruling in that case. The case, then,

is properly here on appeal from the order of the third of October, 1879, which, in effect denied the motion for a new trial.

On the argument, our attention was called to several points, but we do not consider it necessary to notice all of them.

Evidence was admitted, against the objection and exception of plaintiffs, that one Hale claimed to be owner of the land in controversy. The defendants also offered in evidence a deed from E. S. and Lamson Walden to William Hale, dated the twenty-fifth of September, 1875, for the property in controversy, and also a deed from William Hale to defendant Hollis, dated the thirty-first of July, 1876, for the same property. The plaintiffs objected to the foregoing evidence on the ground that it was immaterial, incompetent, and irrelevant. The objection was overruled, and plaintiffs excepted.

We can not see that there was any ground for the admissibility of the testimony just above stated. Title is not in issue or controversy in this action (C. C. P., § 1,172), and the Court erred in its ruling admitting the testimony. (*McCauley* v. *Weller*, 12 Cal. 500; *Mitchell* v. *Davis*, 23 id. 381.)

In *McCauley* v. *Weller*, just cited, it was held that "the action of forcible entry and detainer is a summary proceeding to recover possession of premises forcibly or unlawfully detained. The inquiry in such cases is confined to the actual, peaceable possession of the plaintiff and the unlawful or forcible ouster or detention by defendant—the object of the law being to prevent the disturbance of the public peace, by the forcible assertion of a private right. Questions of title or right of possession can not arise; a forcible entry upon the actual possession of plaintiff being proven, he would be entitled to restitution, though the fee-simple title and present right of possession are shown to be in the defendant. The authorities on this point are numerous and uniform."

In *Mitchell* v. *Davis*, cited above, the Court made use of the following remarks, which are particularly applicable here: "If the defendant has any title or right of possession to the land, it must be tried in some action proper for trying such questions; but the present is not an action of that kind. He was not justified in attempting to enforce any such right by taking forcible possession of the land in dispute. He must first deliver up the possession thus forcibly acquired, and then

he may be in a situation to litigate, in a proper action, any valid right or title he may have to the land. One great object of the Forcible Entry Act is to prevent even rightful owners from taking the law into their own hands and attempting to recover by violence what the remedial process of a Court would give them in a peaceful mode."

This we think is a proper construction of Section 1,172, C. C. P., on this subject, which applies alike to an action for a *forcible entry,* or for a *forcible detainer,* which section is as follows: "On the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer. The defendant may show in his defense that he or his ancestors, or those whose interest in such premises he claims, have been in the quiet possession thereof for the space of one whole year together next before the commencement of the proceedings, and that his interest therein is not then ended or determined; and such showing is a bar to the proceedings."

A *forcible entry* is defined in Section 1,159, C. C. P., and a *forcible detainer* in Section 1,160 of same Code.

The remarks cited above from *McCauley* v. *Weller* and *Mitchell* v. *Davis* apply to both actions. The remedy was intended to prohibit persons from *taking the law into their own hands,* and thus to repress violence. Such a proceeding constitutes a public offense, and it is made a misdemeanor by Section 418 of the Penal Code.

We can not see that *good faith* constitutes an element in a defense to a forcible entry or a forcible detainer, under the provisions of the Code of Civil Procedure above referred to, nor that an entry made peaceably and in good faith cuts any figure in a defense to a forcible detainer. In either action, the defense is limited as in Section 1,172, C. C. P., above cited.

Whether the cases in which it was held that a defendant charged with an "unlawful" entry and forcible detainer might introduce a conveyance to him of the premises as evidence that his entry was in *good faith,* and therefore not unlawful

within the peculiar meaning given to that word by the decisions referred to by counsel for respondents, and mentioned below, be correct or not, under the statute as it then was such conveyance is not admissible under the provisions of the C. C. P., which treats only of forcible and peaceable entries. Under the Code, all entries on the actual possession of another are unlawful, and the question of good or bad faith on the part of the defendant no longer affects the right of the recovery in this form of action.

The rulings to that effect in the cases referred to by counsel for respondents—*Thompson* v. *Smith*, 28 Cal. 532, and *Shelby* v. *Houston*, 38 id. 422—have no application under the provisions of the Code of Civil Procedure, which were in force when this action was brought and tried.

The decisions of the Courts of New York under a statute substantially similar to the statute of this State are in accord with the views herein expressed. (*Carter* v. *Newbold*, 7 How. Pr. 166–170; *The People* v. *Van Nostrand*, 9 Wend. 50; *Porter* v. *The People*, 7 How. Pr. 441; *People* v. *Fields*, 1 Lans. 222–233; *People* v. *Leonard*, 11 Johns. 404; *Wells* v. *De Leyer*, 1 Daly, 39–46; 2 N. Y. Rev. Stats. 507, Sec. 11; see Taylor's Landlord and Tenant, c. xvi.)

Mrs. Lotta A. Roberts was called for plaintiffs, who gave testimony as to the forcible entry upon and taking possession of the lots in controversy in August, 1876. On the re-direct examination she was asked as follows: "State if anything occurred with reference to that crowd of people there, with reference to the Mayor's going on the ground and ordering them to stop?"

This inquiry was objected to by the defense, as immaterial and irrelevant, and the objection was sustained. To this ruling plaintiffs excepted.

This question should have been allowed. It related to the circumstance of the entry, and was asked to show that it was forcible. The Court erred in excluding it.

C. C. Butler was called as a witness by the defendants. On his cross-examination he was asked: "During that time there was a litigation pending in regard to this property between you and Mr. Voll?" Defendants objected to this question as

immaterial, irrelevant, and incompetent. Objection sustained, and plaintiffs excepted.

This question was proper. It had reference to the relations between the witness and the plaintiff Voll, and was asked to show a state of feeling by witness toward Voll, as to which the question was allowable. The Court erred in sustaining the objection.

The same is true as to another question also put to the witness which was excluded on objection of defendants that it was *irrelevant* and *immaterial*. The question referred to was as follows: "Was there not a suit brought by yourself in the Twelfth District Court to quiet title, in which you set up this very possession against Mr. Voll?"

We find no other errors in the points discussed; but for the errors above pointed out, the order which denied the motion of defendants for a new trial, is reversed and the cause remanded to the Superior Court of the City and County of San Francisco to be tried anew.

MYRICK, MCKINSTRY, SHARPSTEIN, and MCKEE, JJ. and MORRISON, C. J. concurred.