JOHN S. KEDROVSKY, as Archbishop, etc., Petitioner, Appellant, *v.* PLATON ROJDESVENSKY et al., Respondents.

Supreme Court, Appellate Term, First Department, May 1, 1924.

Summary proceedings to disposses — action under Civil Practice Act, §§ 1412, 1426, for forcible entry and detainer — quiet possession by defendants and predecessors for three years next preceding alleged entry and detainer is complete defense.

In a summary proceeding to dispossess brought under sections 1412 and 1426 of the Civil Practice Act upon the ground of alleged forcible entry and detainer a final order in favor of the defendants should be affirmed, where it appears that the petitioner and one of the defendants' are rival claimants to ecclesiastical office; that defendant either alone or with his predecessors has occupied the archepiscopal residence since 1917 undisturbed; that immediately upon the petitioner's return from Europe in November, 1923, he went to the residence and entering through an open door remained for two or three hours and was then ejected, for it was alleged in the answer and proved upon the trial that the defendant and his predecessors had been in quiet possession of the premises for three years immediately preceding the alleged forcible entry and detainer, or since 1917.

APPEAL by petitioner from a final order of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of respondents, after a trial by judge without a jury.

*Ralph M. Frink* (*Leonard M. Wallstein* of counsel), for the petitioner, appellant.

*Thomas H. Mahoney*, for the respondents.

BIJUR, J. This summary proceeding was brought against respondents for alleged forcible entry and detainer under sections 1412 and 1426 of the Civil Practice Act.

Appellant, petitioner, and respondent Rojdesvensky are rival claimants to ecclesiastical office in the Russian Orthodox Greek Catholic Church. Respondent, either alone or with his predecessors, has occupied the archepiscopal residence since 1917 undisturbed. Immediately upon the petitioner's return from Europe in November, 1923, he went to the residence, and entering through some open door, remained for two or three hours and was then ejected, together with at least one of his companions, the force used being adapted to the purpose of raising the clean-cut issue that they were ejected against their will. There is some dispute as to whether his entrance, as soon as it was discovered, was made the subject of immediate protest by some of the respondent's representatives, or whether that protest came shortly thereafter during the course of the dis-

cussion and dispute which ensued.    There is no doubt that during all the time when petitioner was upon the premises the respondent was present in the building and in actual and complete possession of the same and that petitioner's presence was protested and that he was eventually forcibly ejected.    Appellant does not urge that he was in actual possession of the premises but that he was entitled thereto, and consequently had " *constructive* " possession thereof at the time of his ejection, and is, therefore, justified in bringing these proceedings as for a forcible detainer under sections 1412 and 1426 of the Civil Practice Act.

Whether forcible entry was a crime at common law has been questioned, although Hawkins indicates that it was not.    1 Hawk. P. C. (8th ed.) 495, chap. 28.    The first statute forbidding it even in general terms was that of Northampton, 2 Edward III (1328). Hawkins recounts the progress of the law (5 Richard II, chap. 7 [1342]; 15 Richard II, chap. 7 [1352]; 8 Henry VI, chap. 9 [1430], and 31 Elizabeth, chap. 11 [1589]).    Both under the language of these statutes and the decisions the remedy was in large part based upon a showing of title.    In 8 Henry VI it was provided, apparently for the first time, that a forcible detainer might be justified by continued possession for at least three years, and in 31 Elizabeth that defense was extended to forcible entry as well.    The efficacy of this defense was recognized in *Le Roy* v. *Burgesse*, 1 Sid. 149 (1655); *Anonymous*, 1 Ven. 65 (1666), and *Rex* v. *Harris*, 1 Ld. Raym. 440.    The English statutes were substantially re-enacted in Laws of 1788, chapter 6 (1 R. L. of 1813, p. 96).    When the Revised Statutes were framed the English requirement of ever showing title was intentionally modified.    Nelson, J., says of this in *People* v. *Van Nostrand*, 9 Wend. 50, 53 (1832): " Under the Revised Statutes    *    *    *    the nature of the estate has become immaterial; possession is sufficient."    In the revisers' notes to the second edition of the Revised Statutes of 1836 (Vol. 3, p. 764), in reference to title 10, article 1, part 3, chapter 8, section 12, which permits the " traverser " to show in his defense quiet possession for three whole years, the revisers say: " Perhaps the policy of the act would be better promoted by declaring, instead of the provision in the text, that ' the complainant shall not be required to show his right or title, but only that he was peaceably in possession of the premises at the time of the entry,' " emphasizing the intention of the revisers and the legislature to make mere possession the defense.    The same section appears for the first time to have expressly recognized the right of one in " constructive possession of the premises " to bring an action for forcible holding out; but it is to be noted that against a complaint both of forcible entry and forcible detainer the defense of three years' quiet possession is a bar.    Even so

early as in *Le Roy* v. *Burgesse, supra,* it was quaintly but significantly said of this " limitation " that " it is not the title but the possession which is material in this case."   In framing the Code of Civil Procedure, as will be seen from Mr. Throop's notes to the edition of 1882, preliminary note, title 2 of chapter 17, page 352 (preceding § 2231) emphasis was laid on possession.   He says: " as the effect of the proceedings was only to restore the possession *without trying the title* " it was thought unnecessary to preserve certain forms.   Section 2245 of the Code of Civil Procedure is a consolidation of sections 6 and 11 of title 10, chapter 8, part 3 of the Revised Statutes (2 R. S. 508, 509); it is now section 1426 of the Civil Practice Act.

It may also be noted that in the Revised Statutes the three years' defense was phrased to omit any reference to an " estate," contained in the English laws, the word " interest " being substituted.   It now reads (section 1426 of the Civil Practice Act) that the allegation of the defense shall be that " He, or his ancestor or those *whose interest he claims* had been in quiet possession of the property for three years together next before the alleged forcible entry or detainer; and that his interest is not ended or determined at the time of the trial."   That allegation is contained in the answer in the instant proceeding and the peaceable occupation of the respondent and his predecessors since 1917 was actually testified to by the petitioner himself.   As this constitutes a complete defense, the order appealed from should be affirmed, with costs.

Final order affirmed, with twenty-five dollars costs.

McCook and CRAIN, JJ., concur.

Order affirmed.