BEELER, Appellant, v. CARDWELL *et al.*, Respondents.

1. In an action of forcible entry and detainer, the issue to be submitted to the jury is whether the plaintiff was lawfully, that is, peaceably, in possession of the premises sought to be recovered and the defendant unlawfully entered; the right of entry or of possession are not involved in the issue.

*Appeal from Jefferson Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Pipkin & Thomas*, for appellant.

I. George Beeler could not legally assign the lease so as to give to defendants the possession or the right of possession. A lease does not give possession, but only the right to the possession. An actual entry is necessary. (Mechan v. Wilcox's Adm'r, 6 Mo. 436.) A tenant has no power to assign his interest in the leased premises without the written consent of the landlord. (Landlord and Tenant Act, § 11.) The plaintiff having taken the quiet and peaceable possession of the field, it was such a *lawful* possession within the meaning of the act concerning forcible entry and detainer as would make the defendants liable for a forcible entry. (Krevet v. Meyer, 24 Mo. 107.) The lease being forfeited by a breach of one of its conditions, the plaintiff was entitled to the immediate possession, and having taken it peaceably and quietly, the defendants could not put him out in any way except those pointed out by law. (27 Mo. 377, 111; 26 Mo. 581, 116; 11 Mo. 354; 1 Hilliard on Real Est. 200.) No notice to quit was necessary.

*A Green*, for respondents.

I. The instruction given by the court is right. George Beeler never gave up the possession to C. S. Beeler, the plaintiff. He was not bound to remain actually on the land all the time in order to keep possession. It was enough that he showed by his acts and declarations an intention to hold possession for the second year. (11 Mo. 354; 4 Bibb, 388;

27 Mo. 377.)   Granting that the agreement of George Bee-
ler with the Cardwells amounted to an assignment of his
term, C. S. Beeler could not maintain his action of forcible
entry and detainer or re-enter without first giving ten days'
notice to quit.   (R. C. 1855, p. 1012, § 10, 11; 10 Mo.
601.)   The instructions asked by appellant were rightly re-
fused.   Dover could not and did not acquire any interest in
the lease by buying the corn of George Beeler.   Hence he
could give give none to C. S. Beeler.

EWING, Judge, delivered the opinion of the court.

From the facts proved in this case, it is obvious that a
question foreign to the issue involved was submitted to the
jury in the instruction given by the court.   The jury were
instructed that if the plaintiff rented the field in controversy
to George Beeler for the term of two years, and that the said
George assigned his lease to the defendants, or some of them,
without the consent in writing of the plaintiff, then, before
the plaintiff can lawfully take possession thereof, he must
terminate the lease by giving ten days' notice to quit posses-
sion, and the plaintiff having failed to show that he gave no-
tice as above, they will find a verdict for the defendants.

The evidence shows that the land in controversy was leased
by appellant for two years to George. Beeler and Dow Card-
well, the latter of whom, after the first crop was made, sold
his interest to his cotenant Beeler, who sold the crop to Do-
ver.   Dover sold the stock field to appellant, the landlord,
who took possession and kept his stock therein until about
the first of March, and while at the work on the premises
was forcibly ejected therefrom by the respondents.   It was
also proved that the premises in question, sometime during
the latter part of the year 1858, were sublet to the respon-
dents, or rather the lease was assigned to them by Beeler,
to which it does not appear the landlord assented.

. As the case is presented to us by the record, the only ques-
tion for the consideration of the jury was whether the appel-

lant, plaintiff below, was in peaceable possession of the field and was ousted by force ; if so, he was entitled to recover without reference to the question submitted to the jury in the instructions of the court. Whether there was an assignment of the lease or not to respondents was immaterial. That would be important, as well as the question of notice, in an action by the landlord against the assignee of the lease to recover possession upon the ground of an assignment or transfer of the tenant's term or interest without the landlord's assent. (R. C. 1855, p. 1012, § 10, 11.) It is conceded that in such case the landlord could only regain the possession by a peaceable re-entry, or by suit after ten days' notice to the subtenant, or under-tenant, to quit.

In an action of forcible entry and detainer, the right of entry or of possession are questions not involved in the issue to be tried. It is evident that the statute on this subject means to compel restitution of the possession to the party forcibly ousted without any reference whatever to such questions. It declares that no person shall enter upon or into any lands, tenements or other possessions, and detain and hold the same, but when entry is given by law, and then only in a peaceable manner. The sixteenth section of the act, which says that the plaintiff may sustain the issue by proof that he was *lawfully* possessed of the premises, and that the defendant *unlawfully* entered, has received a construction which harmonizes with the tenor of the act, and the only one that would make effective the remedy it gives. (Krevet v. Meyer, 24 Mo. 110.) In that case the word *lawfully* was interpreted to mean nothing more than *peaceably*. The instruction given was erroneous, and the judgment will be reversed and the cause remanded ; the other judges concurring.