## N. Y. MARINE COURT.

JOSEPH J. KELLY agt. EDWARD C. SHEEHY *et al.*

*Forcible entry and detainer proceedings under the Code of Civil Procedure — The questions to be litigated therein — Code of Civil Procedure, sections 2233, 2234, 2235, 2245, 2247.*

In proceedings for forcible entry and detainer under title 2 of chapter 17 of the Code of Civil Procedure, the main question for determination is whether the party charged entered by force upon one, having previously a peaceable possession, under claim of right, and whether the person whose possession was invaded has been held out by force.

These provisions do not cast upon the magistrate the burden of examining and determining conflicting titles to real estate.

*Special Term, March*, 1881.

PROCEEDINGS for forcible entry and detainer were instituted under the new Code to recover the possession of two valuable lots of land on Fifth avenue, near Ninetieth street, in the city of New York, with the buildings thereon erected.

*John Townsend*, for complainant.

*James W. Gerard, James Henderson* and *Mathew Daly*, for defendants.

McADAM, *J.*— This is a proceeding commenced under title 2 of chapter 17 of the Code of Civil Procedure, section 2233 of which provides that no entry shall be made into real property but in a case where entry is given by law, and in such a case only in a peaceable manner — not with strong hand, nor with multitude of people — and declares that a person who makes a forcible entry, forbidden by said section, or who, having peaceably entered upon real property, holds the possession thereof by force, may be removed therefrom as prescribed in said title.

Section 2234 enumerates, among the officers who are charged with the exercise of this jurisdiction, the justices of the marine court of the city of New York. Section 2235 provides how the application shall be made and what the petition shall contain.

Section 2245 provides that where the application is founded upon an allegation of forcible entry or forcibly holding out, the petitioner must allege and prove that he was peaceably in actual possession of the property at the time of a forcible entry, or in constructive possession at the time of a forcible holding out, and requires that the adverse party either deny the forcible entry or forcible holding out, or that he allege in his defense that he or his ancestor, or those whose interest he claims, had been in quiet possession of the property for three years together next before the alleged forcible entry or detainer, and that his interest is not ended at the time of the trial.

The issues thus joined must (unless a jury be demanded) be tried by the justice entertaining the proceeding (*sec.* 2247, *supra*). I have given the substance of these various provisions because they differ in some respects from the mode of procedure laid down in the Revised Statutes (3 *R. S.* [*6th ed.*], 820), and are intended as a substitute therefor. The defendants Patrick Sheehy and Cornelius Lynch have interposed a general denial, while the principal defendant Edward C. Sheehy, after denying the forcible entry and detainer, admits that he is in possession of the property claimed, and alleges that his possession is by virtue of a lease thereof, executed to him by Olivia G. Ranney, Julia Scott and Francis Scott, whom he asserts to be the owners in fee of said premises, with the right to control the possession thereof. The issues presented are to be tried in the manner provided by section 2245 (*supra*), which is similar to section 11 of the former act (3 *R. S.* [*6th ed.*], 821). This provision, the courts have held, did not cast upon the magistrate the burden of examining and determining conflicting titles to real estate (*People* agt. *Leonard,* 11 *Johns.*, 504; *Carter* agt. *Newhold,* 7 *How. Pr.*, 166; 1 *Daly*, 46). Adopting this as the correct interpretation of section 2245 (*supra*), and as a guide to what the magistrate is to try, it follows that the main question for determination in proceedings of this character is whether the party charged entered by force upon one, having previously a peaceable possession, under claim of right, and whether the person whose possession was invaded has been held out by force (*Wells* agt. *De Leyer,* 1 *Daly*, 46), for no one has the right to assert his own title with force and violence against another in peaceable possession under color of title and claim of right (*Rex* agt. *Wilson*, 8 *T. R.*, 357, 361, *and cases cited in note* 9 *to Bishop's Cr. Law, sec.* 475).

The complainant introduced upon the trial a paper title to the premises, from the time the title to the Harlem commons was, by law (1820, 1823), vested in trustees for sale, down to the present day, which at least proved that his occupation was

not a bare possession without title; but under color of title and claim of right, and being peaceable in its character, it should have been assailed by appropriate legal proceedings or not at all. In addition to the paper title under which he holds, the complainant has regularly paid all the taxes, assessments and other charges upon the property for many years past, and has in every way asserted and maintained his claim of title to the property. When the defendant Edward C. Sheehy took the lease from Olivia G. Ranney and others, in May, 1880, he knew that the complainant had possession of the property under a title adverse (if not superior) to that claimed by his lessors, and must have known that possession would not be quietly yielded by the complainant to one who came with hostile intentions. The lease was not produced upon the trial and is said to be lost. The term was one year, and the rental $100 for the term. No effort was made to enter under it until Sunday morning, the 28th of November, 1880, over six months after the term demised commenced.

The fact that the complainant's possession made his title impregnable against attack from any source except by one having superior title of an invulnerable nature, makes it apparent that the complainant would not have welcomed an adverse claimant to the protecting ægis of his possession, when he must have known that he was surrendering to an enemy nine-tenth of the struggle in a prospective possessory common-law action of ejectment, where the plaintiff cannot litigate the inherent weakness of the defendant's title, but must rely solely upon the invulnerability of his own. The complainant naturally resisted the attempt to take possession, and yielded only after making the best resistance he could against an unexpected assault by superior numbers. The time and manner of taking possession were unlawful, and in clear violation of the statute. I need not cite authorities to sustain this conclusion, because it would be impossible to find anything in the annals of jurisprudence which sanctions a forcible

entry as a mode of possessing the property of another, even under adverse claim of title. The possession thus obtained is maintained and insisted upon and constitutes a forcible holding out, which the provisions of the Code I have cited were intended to redress. No injustice is done by restoring the complainant to the possession of which he is wrongfully deprived. ° The parties are merely returned to the position they occupied when the possession was wrongfully invaded on the Sunday morning in question. If the defendant Edward C. Sheehy, or those under whom he claims, have any title to the property in dispute, they may assert it in some appropriate mode by legal proceedings, but they must not take the law into their own hands and decide disputed questions of possession by acts or menaces of physical power.

The complainant's counsel, upon the trial, for some reason of his own, elected to rely upon the forcible holding out, from which it may be inferred that he abandoned the forcible entry as a ground of recovery. This he had a right to do (*People* agt. *Anthony*, 4 *Johns.*, 198 ; *Same* agt. *Richett*, 8 *Cow.*, 226 ; *Same* agt. *Godfrey*, 1 *Hall*, 240 ; *Same* agt. *Field*, 1 *Lans.*, 232 ; *S. C.*, 52 *Barb.*, 216), for the forcible detainer is a mere continuation of the first offense. The proof of the entire transaction is in evidence, however, and characterizes the holding out complained of. Patrick Sheehy and Cornelius Lynch disclaim any forcible holding out, and as to them the proceeding will be dismissed. Edward C. Sheehy insists upon the right to maintain the possession acquired in the manner before stated, and as to him a final order will be made, awarding to the complainant the possession thus wrongfu'ly withheld. Under section 2250 (*supra*), the complainant will be awarded twenty-five dollars costs, and the defendants Patrick Sheehy and Cornelius Lynch will each be awarded twelve dollars and fifty cents costs. The disbursements actually incurred are to be added to these amounts. The technical point made in regard to section 2233 (*supra*) is without force

for two reasons: First. The petition filed clearly gives the court jurisdiction, which is not divested by the phraseology of that section. Second. The proper interpretation of section 2233 is that the proceeding for forcibly holding out may be maintained, not only in cases of forcible entry, but in cases where one "peaceably enters upon real property," without right, and "holds the possession thereof by force." In this case the entry was forcible and without right, and *a fortiori* the section applies.

The final order in accordance herewith, together with the warrant, must be drawn and submitted to me for my fiat.