Suydam v. Wood.

---

## Marine Court.

*Trial Term—May, 1883.*

### SUYDAM, as Landlord, against WOOD, as Tenant.

Where one without title or permission enters into and builds upon the lands of another, he becomes a squatter, and may be proceeded against as such; or, if he maintains the possession thus obtained by force, he may be proceeded against for forcible detainer. What constitutes adverse possession.

McAdam, J.—The person proceeded against is in error in supposing that this controversy presents a disputed title, for the petitioner has established a perfect paper title from the time Peter Waldren died seized of the property in 1771 to date, while the person proceeded against has not a vestige of title. He has no deeds or writings, has paid no taxes or assessments, and has done none of those acts or things which an owner of property is naturally expected to do. The defendant's entry was not under color of title nor under claim of right (8 *Cow.* 589; 70 *N. Y.* 147, and cases cited in brief of respondent in 74 *N. Y.* 241); but was tortious in its inception. There is, therefore, no foundation for a claim of title by adverse possession. Besides, the continuity of the alleged possession was broken (Code, § 2245; 7 *Hun*, 616; 68 *N. Y.* 659); and when the defendant built upon the premises he became a squatter, within the meaning of the term as employed in the Code (§ 2232). If it be conceded that the defendant entered into possession without force, there is

Suydam *v.* Wood.

enough in the acts of the defendant to show a preconceived design to maintain possession by force, and this is sufficient to warrant the finding of a forcible holding out (60 *How.* Pr. 439). The defendant admitted to the witness Stoutenburgh that he had no title. In fact, he never claimed that he had any, and the admission made to Stoutenburgh is consistent with the defendant's acts prior to the time when he undertook to and did seize upon the petitioner's property, and by an unusual number of men erected a building upon it in a remarkably short space of time. Title to the property of another cannot be gained in that way, nor can an attempt to gain title in any such form be countenanced by any court of justice.

Judgment will therefore be rendered in favor of the petitioner, that the defendant and all persons claiming under him be removed from the premises, and that the petitioner be put into the full possession thereof, and that the petitioner recover of said defendant the sum of fifty dollars as the costs of this proceeding (*Code*, § 2250). The petitioner must prepare the final order in accordance herewith and submit the same, together with the necessary warrant, and they will receive my fiat.

### What constitutes Adverse Possession.

See *McAdam's Landlord and Tenant*, 2 ed. 438. A person cannot acquire title to land, which is unenclosed, unoccupied and unimproved, by taking a deed thereof from one not the owner and then going upon the land and asserting his ownership, or making occasional entries upon the land for grass or sand (Price *v.* Brown, 101 *N. Y.* 669).