ASA S. LAWTON & another *vs.* AMANDA W. SAVAGE & others,

Worcester. Oct. 2. — Nov. 30, 1883. FIELD & W. ALLEN, JJ., absent.

A mortgagee of land entered for the purpose of foreclosing his mortgage, and re-
mained in possession, receiving the rents and profits. Subsequently, he put A.
in possession, under an agreement by which he was to sell the mortgage to
A. on payment by A. of an agreed sum, within a time fixed. Before the time
expired, A. bought the equity of redemption in the land from the mortgagor,
and conveyed the land to B. When A.'s right to purchase the mortgage had
expired, without payment by him, the mortgagee, in the absence of B., entered
a house upon the land by forcibly raising a window, and took possession, with-
out giving A. or B. notice to quit, and executed a lease of the premises to C.
While C. was in possession under his lease, B., having notice of the lease, entered
by breaking a window, against C.'s remonstrance, and C. left the house. *Held,*
that C. could maintain an action against B. on the Pub. Sts. *c.* 175.

ACTION on the Pub. Sts. *c.* 175, to recover possession of cer-
tain premises in Fitchburg. Trial in the Superior Court, with-
out a jury, before *Staples*, J., who allowed a bill of exceptions,
in substance as follows:

Gardner S. Burbank held two mortgages on certain prem-
ises, which included the premises in question, upon which there
was due about $3500. On December 8, 1880, Burbank made
a peaceable entry upon the mortgaged premises for the purpose
of foreclosing the mortgages, a certificate of which entry was
duly recorded in the registry of deeds on December 9, 1880;
and thereafter, and up to April 22, 1881, he remained in the
possession of said premises, and in receipt of the rents and
profits. On April 22, 1881, Burbank and one Stephen M.
Allen entered into an agreement in writing, by the terms of
which Allen was entitled to buy said mortgages for $2800, their
full value being $3000, of which amount $500 was acknowledged
to have been received, which was to be forfeited if the balance,
$2300 and interest, was not paid by Allen within one year,
unless the time of payment should be extended in writing be-
fore the expiration of the contract.

On April 21, 1882, the time of the payment of the $2300 and
interest was extended in writing to May 1, 1882; and Allen,
after the execution of said agreement, put the defendants into
occupation of said premises. In October, 1881, Allen purchased
of the mortgagor the equity of redemption of the mortgaged

premises, and, on April 26, 1882, conveyed to the defendants that portion of the premises sought to be recovered in this action. Allen did not pay nor tender to Burbank the balance due under said agreement, or any part thereof, within the time as extended; and, on May 4, 1882, Burbank, for the purpose of taking possession, entered the premises, by forcibly raising a window in a barn on the premises and entering the barn through the window, and then proceeded into the house and remained there by his agent, without removing the furniture or effects of the defendants, who had been absent from about April 20, 1882, on a visit, and without their knowledge or consent.

On said May 4, Burbank executed and delivered to the plaintiffs a lease of the premises for the term of one year, and the plaintiffs entered into occupation thereof, being admitted to possession by Burbank. On the night of May 6, the defendants returned to Fitchburg, and were informed that the plaintiffs were in actual occupation of the premises under their lease; and, about nine o'clock in the evening of said day, they went with Allen to the house, knowing that the plaintiffs' agent was in the house holding the same, and, without asking for admittance, attempted to force a rear door, by Allen's throwing himself against it, and, the door not yielding, he broke a window and raised the same, and they all thereupon entered the house, against the will and without the consent of the plaintiffs' agent, who remonstrated against the entry, and afterwards left the house, leaving the defendants therein.

Allen, on April 21, 1882, informed Burbank that he had purchased the equity of redemption of said premises, and showed him his deed, and prior to that time Burbank had been consulted in regard to the purchase; and on said April 21 Allen informed the plaintiffs of his intention to convey the premises to the defendants, the same being done on April 26; but neither Burbank nor the plaintiffs knew that he had done so prior to May 4, 1882. Neither Burbank nor the plaintiffs ever gave Allen or the defendants any notice to quit, or any notice of the fact of the delivery of the lease to the plaintiffs, prior to the time when Burbank took possession of the premises, on May 4, 1882.

The judge ruled that the defendants, on May 6, 1882, were lawfully entitled to the possession of the premises, and authorized to enter the same in the manner shown by the evidence; and that there was no evidence to warrant him in finding a forcible entry or detainer thereof on the part of the defendants; and found for the defendants. The plaintiffs alleged exceptions.

*A. Norcross & H. C. Hartwell,* for the plaintiffs.

*S. L. Graves,* for the defendants.

DEVENS, J. Where one in the peaceable possession of premises is forcibly ousted therefrom and subsequently himself forcibly regains possession, the person who had ousted him cannot treat the temporary possession he had himself gained by force as lawful, and upon that ground maintain an action for forcible entry upon himself. If those who are ejected by force may maintain this process to restore themselves to the possession of which they were wrongfully deprived, it would be absurd that those who have forcibly ejected them should, when they are themselves ejected, be able to use this process to restore themselves to a possession which they had wrongfully and forcibly gained. It was therefore held in *Hodgkins* v. *Price,* 132 Mass. 196, that, where a defendant was in the quiet and peaceable possession, by his tenants, of an estate, and the plaintiff had, by force and in violation of the rights of those in possession, gained a temporary foothold therein during the night, from which he was ejected upon the arrival of the tenants in the morning, he had acquired no possession for the disturbance of which he was entitled to maintain the process for forcible entry.

But even if it be held that the entry of Burbank on May 4 was forcible and unlawful, and that the plaintiffs, who claim under him, cannot maintain an action for the disturbance of the possession thus obtained, yet if they are entitled to maintain such an action by reason of other facts and because of a right of possession which they then had, not based upon the forcible entry of Burbank, that transaction becomes unimportant. If now in actual possession, the defendants are not, by reason of it, in any better position than they would be in if the forcible entry of Burbank had not occurred.

The anomalous character of the process of forcible entry, as it exists under our statutes, has been frequently pointed out. It

early provided the same remedy for two distinct causes of action: one, where there was strictly a forcible entry upon or detainer of real estate; the other, where a tenant unlawfully held possession of premises after the termination of his lease; and, in either case, was intended to restore to possession him who was lawfully entitled thereto. *Howard* v. *Merriam*, 5 Cush. 563. To these the Legislature has recently added a third, which enables a mortgagee whose mortgage is foreclosed, if kept out without right, to put himself in possession by this process. St. 1879, *c.* 237. Pub. Sts. *c.* 175, § 1. No different form of declaration is used in either of these three cases, the principal allegation being always that the defendant holds the premises unlawfully, and against the right of the plaintiff.

The defendants' possession was under Allen, who had an agreement with Burbank, the mortgagee of the premises, then in possession for breach of the condition of his mortgage and receiving the rents and profits of the estate, by which Allen was entitled to purchase the mortgage of Burbank for the sum of $2800, which was less than its face value, to be paid within one year from April 22, 1881, unless the time of payment should be extended. Allen received possession of the premises, and $500 was paid down by him towards his purchase, which was to be forfeited unless the full payment was made. The time of payment was afterwards extended, but payment was not made within the time as thus extended.

The defendants could have no greater right than Allen to the possession of these premises after the expiration of the time for the purchase of them. The right of one who enters upon premises under an agreement for their purchase, (if the transaction be treated as such an agreement on the part of Allen, which is the most favorable view for the defendants,) is not superior to that of a tenant at will. *Foley* v. *Wyeth*, 2 Allen, 131. The case does not require us to decide whether, on May 1, 1882, when the agreement as to the purchase terminated, the defendants did not become mere tenants at sufferance, and, as such, not entitled to notice to quit, nor to notice of the lease to the plaintiffs. *Kinsley* v. *Ames*, 2 Met. 29. *Curtis* v. *Galvin*, 1 Allen, 215. *Howard* v. *Merriam*, *ubi supra*. *Rooney* v. *Gillespie*, 6 Allen, 74. If the defendants were tenants at will, that tenancy might

be terminated when they or Allen, under whom they held, failed to comply with the terms of the contract for purchase, by a lease of the premises and notice thereof to the defendants. *Furlong* v. *Leary*, 8 Cush. 409. *McFarland* v. *Chase*, 7 Gray, 462. Such a lease the plaintiffs received, and of this the defendants were fully informed on May 6, and, further, that the plaintiffs claimed to occupy the premises under and by virtue of the lease from Burbank.

When, therefore, the defendants regained possession of the estate, on May 6, and when this process was brought, on May 10, they were tenants unlawfully holding over after their estate had been terminated; and this process might be maintained against them.

Nor can the defendants maintain their possession as purchasers of the equity of redemption in the premises. Burbank as mortgagee was in full possession of them, and enjoying the rents and profits, when the defendants entered under the agreement that Allen might purchase. Such an entry for foreclosure having been made, the mortgagor could not himself regain possession, the mortgage being still unpaid, and he could not convey a possession or right of possession which a tenant could set up against the landlord under whom he held, or against his lessee.

*Exceptions sustained.*