## CARTER *v.* ANDERSON *et al.*

*(Common Pleas of New York City and County, General Term.* December 18, 1890.)

FORCIBLE ENTRY AND DETAINER—WHAT CONSTITUTES—SUMMARY PROCEEDINGS.

In a proceeding by one claiming title to a store under a bill of sale from the former owner, since deceased, for forcible entry and detainer thereof, brought against the sister of deceased, who was his next of kin, and her son, the evidence was that the mother refused to send her son to open the store for plaintiff, and stated that any one who attempted to go into it by force would be arrested; that the son had been employed in the store by deceased until his death, and that thereafter, in ignorance of plaintiff's claim, he entered the premises by means of a key given him by deceased, quietly, for the purpose of looking after the property, and, discovering that plaintiff had entered the premises, placed a padlock on the door to protect the property; and there was nothing more to show detainer by him, except a mere refusal to give plaintiff the key or to open the premises. *Held*, that no such violence or force, tending directly to create a breach of the peace, was shown, as is necessary to sustain the summary proceedings, under Code Civil Proc. N. Y. § 2233, to recover possession of real property in cases of forcible entry or forcible detainer.

Appeal from seventh district court.

Summary proceeding brought by Ellen Carter to remove Mary Anderson and William Anderson from a liquor store, known as No. 1430 Third avenue, in the city of New York. From a final order awarding plaintiff the possession of the premises, defendants appeal. Code Civil Proc. N. Y. § 2233, provides that "an entry shall not be made into real property but in a case where entry is given by law, and, in such a case, only in a peaceable manner, not with strong hand, nor with multitude of people. A person who makes a forcible entry forbidden by this section, or who, having peaceably entered upon real property, holds the possession thereof by force, and his assigns, undertenants, and legal representatives, may be removed therefrom, as prescribed in this title."

Argued before BOOKSTAVER and ALLEN, JJ.

*Roe & Macklin*, for appellants. *William P. Burr* and *Samuel Miller*, for respondent.

BOOKSTAVER, J. The action was brought by the respondent for the forcible entry and detainer of the store in question by the appellants. A forcible entry and detainer is a violent taking and keeping possession by one of any lands and tenements occupied by another, by means of threats, force, or arms, and without authority of law. It is essentially an action to protect the actual possession of real estate against unlawful and forcible invasion; to remove occasion for acts of violence in defending such possession; and to punish breaches of the peace committed in the entry upon or the detainer of real property. 8 Amer. & Eng. Enc. Law, p. 102, and cases cited. This remedy at common law is purely criminal in its nature, but, under our statutes, it has been made a civil remedy as well, the sole object of which is to regain a possession which has been invaded, and the only judgment which can be rendered in the civil action is that plaintiff have restitution of the premises of which he has been unlawfully deprived.

The only questions to be tried are whether or not the plaintiff was lawfully or peaceably in possession of the premises sought to be recovered, and whether or not the defendant unlawfully entered or forcibly detained the same. Neither the right of entry nor the right of possession is involved in the issue. *Carter*

v. *Newbold,* 7 How. Pr. 166; *Kelly* v. *Sheehy,* 60 How. Pr. 439; *Beeler* v. *Cardwell,* 29 Mo. 72; *Beauchamp* v. *Morris,* 4 Bibb. 312.

In this case I do not think it necessary to determine whether or not the plaintiff was ever lawfully possessed of the premises in question, as I think it clear from the evidence that neither of the defendants were guilty of either a forcible entry or a forcible detainer. As before stated, in order to constitute either a forcible entry or detainer, it is necessary that some violence or force should be used tending directly to create a breach of the peace. *People* v. *Fields,* 1 Lans. 222; *People* v. *Carter,* 29 Barb. 208. If none was used, this proceeding cannot be sustained. As far as Mrs. Anderson is concerned, there is no proof that she ever entered the store in question by force or otherwise, or authorized any other person on her behalf to do so. Neither did she do anything or cause anything to be done which prevented the plaintiff from taking possession of the premises. The utmost that can be said of her is that, when asked to send her son to open the store for plaintiff, she refused to do so; but a mere refusal to give possession unless put out by law does not constitute an unlawful detainer. *Johnson* v. *West,* 41 Ark. 535; *Hoffman* v. *Harrington,* 22 Mich. 52. The mere statement by her that any one who attempted to go into the store by force would be arrested does not amount to a threat tending to create a breach of the peace. As far as William Anderson is concerned, it appears that he was a nephew of Patrick J. Kennedy, the former owner of the store, through whom the plaintiff claims title under a bill of sale; that he had been employed by Kennedy as a bar-keeper for more than a year prior to such bill of sale; that he had never been informed by him of the bill of sale or any transfer of the property, and that he was retained in his employment up to the day of his death; that he had a key to the store given to him by Kennedy, with the right to use the same, which had never been revoked; that the license for the place was in Anderson's name; and that Mrs. Anderson, his mother, was the next of kin of the deceased. The latter fact, however, I regard of but little consequence. It is sufficient that he was in the employment of the apparent owner of the store at the time of the latter's death, to warrant him in continuing in possession and guarding his master's property until the true owner should appear and take possession. It would be intolerable to hold that a servant would be released from all responsibility or care of the master's goods immediately on his death, although the latter fact may dissolve the relation theretofore existing between master and servant. The entry which he made upon the premises was quietly done, without force or threats, by using the means of entrance which the master had given him, and apparently solely for the purpose of looking after the store and its contents, and feeding the cats that were on the premises; and this certainly could not constitute a forcible entry. When he discovered that the premises had been entered by the plaintiff, and after she had quietly left the same, he placed a padlock upon the door, in ignorance of the plaintiff's claim, and, as I judge from the evidence, solely for the purpose of protecting the property, which, under the circumstances of the case, I think it was his duty to do. The testimony leaves it in grave doubt whether he was ever applied to by any one on behalf of the plaintiff to give her a key to the premises, or to open the same for her. At most his acts in that respect amounted to a mere refusal, and, as before shown, this is not sufficient to sustain such an action. The only force or threats that were used by any one to prevent the plaintiff from taking possession of the store, or to keep her out of the same, were by the police, in the interest of the public peace, and it is not shown that either of the defendants had any agency in inducing them to use this force or these threats. The person in actual possession at the time of the trial was Mr. Thomas P. Wallace, who after the commencement of the action, together with Mrs. Anderson, had been appointed administrator of the estate of Kennedy, and who had quietly and peaceably obtained such possession, but he

was not made a party to this action. The defendants first answered denying the forcible entry and detainer, and afterwards put in an amended answer, which omitted to make such denial, and a motion was made for a final order on that account, but it was denied by the justice, and the case was tried as if there had been such a denial; and, upon the facts as before stated, I think the justice erred in making the final order he did, and that the same should be reversed, with costs of this appeal, but, under the circumstances, I do not see how we can award restitution.