### CAIN *v.* FLOOD.

*(Common Pleas of New York City and County, General Term.* June 1, 1891.)

FORCIBLE ENTRY—ALLEGED ENTRY OF PLAINTIFF.

 Plaintiff, claiming a right to the occupancy of certain apartments, procured access thereto during the temporary absence of defendant without her knowledge and consent, who, upon her return an hour afterwards, ejected plaintiff and her attorney and agents by means of violent language and threats of bodily harm, and resumed possession of the same. *Held,* that plaintiff's occupancy of the premises for an hour was sufficient to entitle her to the possession thereof as against defendant, forcibly ejecting her, within the meaning of Code Civil Proc. N. Y. § 2245, which provides that "the petitioner must allege and prove that he was peaceably in actual possession of the property at the time of a forcible entry," and that defendant could not set up the prior illegal entry of plaintiff as a defense.

Appeal from ninth district court.

. Action by Sarah Cain, guardian, etc., against Rosa Flood, to recover the possession of premises alleged to have been forcibly entered and detained by

the defendant. From a final order of the district court awarding possession to the petitioner, defendant appeals.

Argued before BOOKSTAVER, P. J., and BISCHOFF, J.

*Charles Lea Brooke*, for appellant. *James O'Neil*, for respondent.

BISCHOFF, J. Pursuant to the provisions of section 465 of the Penal Code it is an indictable offense for any person forcibly to enter upon or detain the lands or other possessions of another, and it cannot justify the accused, or palliate his offense, to urge in his behalf that another person had previously committed a like offense. Yet this was substantially the sole defense in the trial court, and the refusal to allow it constituted the only alleged error urged for reversal of the order appealed from. These proceedings were instituted in the ninth district court under the provisions of sections 2231–2265 of the Code of Civil Procedure, regulating the summary recovery of the possession of lands unlawfully entered upon or detained by another. No jury trial was demanded. The facts were substantially conceded, and where there was conflicting evidence it was within the province of the trial justice to find in favor of the petitioner. For the purposes of this appeal, therefore, we must assume that he did so find. It appears, then, that on July 28, 1890, the petitioner, acting by her agent and attorney and his assistants, claiming the right of possession to the entire premises known as "No. 166 East 109th Street" in the city of New York, procured access to certain apartments therein, which were in the possession and occupation of the defendant at the time, but from which she was temporarily absent, and took possession thereof; that such access was effected by means of a key made to unlock the door leading into the apartments, and which was securely locked at the time; that such access was had without the knowledge and consent of the defendant, and without actual, physical resistance or opposition of any person; that, after entry and possession, petitioner caused the door leading into the apartments to be unhinged and removed, and remained in peaceable and actual possession of the apartments for about three-quarters of an hour, when the defendant appeared upon the scene, forced her entrance into the apartments, and by means of wordy abuse and threats of serious personal violence to the petitioner's representatives caused them to retire while she resumed possession, refastened the door to its hinges, and proclaimed her intention to do bodily harm to any person attempting to disturb her possession. These facts were sufficient to entitle petitioner to the order appealed from. We deem it unnecessary for the purposes of this appeal to discuss the question whether or not the means employed by petitioner to secure access and effect her possession constituted force. We assume that they did. Still the fact remained that, subsequent to her entry, and immediately prior to the entry by the defendant, she had been in peaceable and actual possession for three-quarters of an hour, and this was sufficient to entitle her to maintain her possession as against a person seeking to wrest it from her by force and violence. Code Civil Proc. § 2245. No time is prescribed by law for which the peaceable and actual possession must have endured to protect her against the forcible entry of others. Neither can it be material that her possession had its origin in force. All she was obliged to show was peaceable and actual possession at the time of defendant's forcible entry, and the manner in which she secured possession in the beginning is not available to the defendant as a justification of her own unlawful act. If the petitioner's entry was also by force, both acts of violence were alike prohibited and punishable under the provisions of the Penal Code above referred to, and, if defendant felt aggrieved at petitioner's entry, instead of regaining possession by violence and threats of bodily harm, she should have availed herself of the right to recover possession in the summary proceedings for such cases by law made and provided. The order appealed from must be affirmed, with costs.