ALEXANDER *v.* GRISWOLD *et al.*

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

LANDLORD AND TENANT—RE-ENTRY ON CONDITION BROKEN—UNLAWFUL DETAINER.

Where a landlord peaceably enters and resumes possession of leased premises in pursuance of a provision of the lease that he may re-enter in case the lessee should sublet the premises, no action of unlawful detainer can be maintained against him or any person to whom he may thereafter lease the premises, though the former lessee dispute the landlord's right to re-enter.

Appeal from fourth district court.

Action by Jastrow Alexander against James R. Griswold and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Frederick C. Leubuscher,* for appellant. *Hobbs & Gifford,* for respondents.

BOOKSTAVER, J. The petition alleged that the respondents had forcibly entered and detained from the petitioner the first floor and basement of premises situate on the south-west corner of Hester and Allen streets, and known as "No. 8 Hester street" and "37½ Allen street," to the possession of which he was entitled as lessee, which the respondents denied. The respondent Griswold is the owner of the property in question, and leased the portions referred to in the petition to the petitioner on the 15th March, 1888, for a period of five years. The lease contained the usual provision that the lessee would not assign, let, or underlet the whole or any part of the premises without the written consent of the lessor, under penalty of forfeiture and damages; and provided that, in case default be made in any of the covenants contained in the lease, it should be lawful for the lessor to re-enter the premises and remove all persons therefrom. The petitioner had been in the possession of the same premises for several years before the execution of this lease. On the trial evidence was given on the part of the respondents, tending to show that in the year 1890 one Morris Weinstock took possession of the premises, and conducted a saloon there until the 18th March, 1891; and also that immediately on taking possession of the premises, an insurance policy standing in the name of the petitioner was transferred by the Citizens' Insurance Company to this Weinstock, which was subsequently renewed in his name. The property on the premises was also insured in the name of Weinstock in the Hartford Insurance Company. On the 18th March, 1891, a fire occurred in the premises, and the proofs of loss occasioned by the fire were made out in the name of and sworn to by Weinstock, in which he says: "The property insured belonged to Morris Weinstock, and no other person or persons had any interest therein." The money on the policy was paid to him, and a receipt given by him therefor. Mr. Fling, the superintendent, who had charge of the repairs, testified that there were fixtures and personal property on the premises when he went there to make the repairs; that there was a safe there, on which was Weinstock's name; and that all the property was removed from the premises by Weinstock or parties sent there by him; that Mr. Weinstock was frequently upon the premises, but that the petitioner never visited them or showed any interest in them. Shortly after the fire, the respondent Griswold, having ascertained that Weinstock had been conducting the business as his own, buying the ales, beers, and wines in his own name, and had been insured as the owner of the personal property, tendered back the rent already received for the month of March, without the knowledge of these facts, and notified the petitioner that he elected to declare the lease for-

feited under the breach of the covenant not to assign or sublet; and thereupon quietly and without force took possession of the premises under this claim, thereafter repaired the same, and, when the repairs were completed, received and kept the keys, all the time asserting his right to the possession of the premises, as the petitioner well knew, and the latter asserted no right whatever to their possession until a month after they were rented by Griswold to Mrs. Cohen. After the fire he admitted he had not been in actual possession of the premises, and said he did not care anything about the place; that he did not want to have anything to do with it; that he had lost some money there; and that he thought whoever got the lease ought to make it good to him. After the respondent Cohen had been in the quiet possession of the premises under her lease for about a month, the petitioner went to the store with some men, and entered it by force, and deposited several boxes therein, which were thereafter removed by the respondent Cohen, and this removal constituted the forcible detainer complained of.

A forcible entry and detainer is a violent taking and keeping possession by one of any lands and tenements occupied by another, by means of threats, force, or arms, and without authority of law. It is essentially a proceeding to protect the actual possession of real estate against unlawful and forcible invasion, to remove occasion for actual violence in defending such possession, and to punish breaches of the peace committed in the entry upon or the detainer of real property. 8 Amer. & Eng. Enc. Law, 102, and cases there cited. The only questions to be decided are whether or not the plaintiff was lawfully or peaceably in possession of the premises sought to be recovered, and whether or not the respondents unlawfully entered or forcibly detained the same. Neither the right of entry nor the right of possession is involved in the issue. *Carter* v. *Newbold,* 7 How. Pr. 166; *Kelly* v. *Sheehy,* 60 How. Pr. 439; *Beeler* v. *Cardwell,* 29 Mo. 72; *Beauchamp* v. *Morris,* 4 Bibb, 312; *Carter* v. *Anderson,* (Com. Pl. N. Y.) 11 N. Y. Supp. 883; *Cain* v. *Flood,* (Com. Pl. N. Y.) 14 N. Y. Supp. 776. It is clear from the evidence that for more than two months prior to the attempted entry upon these premises by the petitioner the respondent Griswold had been in the peaceable and actual possession of the same, and the respondent Cohen had been in the like peaceable and actual possession for more than a month; the possession of both being under a claim of right. In *Cain* v. *Flood, supra,* it was held that it was immaterial that the original possession had its origin in force. In *Lawton* v. *Savage,* 136 Mass. 111, it was held that one forcible entry was no excuse for another. The defendant Griswold, having declared the lease forfeited, had the legal right, as the owner of the fee, to peaceably re-enter the premises. He did so, and the question whether the lease, as a matter of fact, had been violated, will not be tried in this action. The entry of the owner being peaceable and lawful, there could be no wrongful detainer; and hence these proceedings cannot lie. Judge ANDREWS, in passing upon this point in *Bliss* v. *Johnson,* 73 N. Y. 529, said: "The true owner of land, wrongfully held out of possession, may watch his opportunity, and, if he can regain his possession peaceably, may maintain it, and lawfully resist an attempt by the former occupant to retake possession; nor will he be liable to be proceeded against under the statute of forcible entry and detainer. There can be no wrongful detainer by the true owner where the entry was both lawful and peaceable." See, also, *Wood* v. *Phillips,* 43 N. Y. 152. In *People* v. *Fields,* 1 Lans. 241, Judge MORGAN said: "After the tenancy has been terminated by notice, the owner, having gained peaceable possession of a portion of the premises, may use as much force as may be necessary to overcome the tenant's resistance to his taking possession of the residue." In *Kelly* v. *Sheehy, supra,* the court said: "No one has the right to assert his own title with force and violence against another in peaceable possession under color of title and claim of right." In the case under consideration, the respondent Cohen was in possession un-

der a lease, and, whatever may have been the rights of the plaintiff, he could not assert them as against the party in possession, and, as between two parties claiming under separate leases, the court will not try title in such proceeding. In *Jackson* v. *Elsworth*, 20 Johns. 183, the court said: "If a landlord has re-entered, he has undoubtedly chosen the more simple and effective remedy under the statute; * * * but when the original entry is lawful, and apparent right to possession is gained, the law will not suffer that right to be overthrown by the mere act or entry of claimant. His remedy is by action." The respondent Griswold having made a quiet entry, and gained possession under a claim of right, the law will not suffer that right to be attacked, except by an action duly brought by the appellant for that purpose. McAdam, Landl. & T. (2d Ed.) 104; *People* v. *Fields, supra; Burns* v. *Bryant*, 31 N. Y. 453. We therefore think the final order should be affirmed, with costs.