SEYMOUR LOWMAN, as Guardian of FRANK L. CLEARWATER, Respondent, v. FRANCES M. SPRAGUE and CHARLES SPRAGUE, Appellants.

*Summary proceeding for forcible detainer of land — constructive possession — peaceable entry — claim of title — Code of Civil Procedure, § 2245.*

The words " constructive possession," in the clause of section 2245 of the Code of Civil Procedure which prescribes that the petitioner in a summary proceeding for the recovery of land on the ground of a forcible holding out of possession must allege and prove that he was in constructive possession at the time of the forcible holding out, are intended to apply to a case where the petitioner had the title in fee, or an absolute right of possession by some other grant, and would, therefore, be entitled to the actual possession but for the forcible holding out of it by the person sought to be removed.

When the petitioner in such a summary proceeding has alleged and proved facts which show him to be in constructive possession, the mere fact that the person sought to be removed entered into possession peaceably in the absence of the petitioner and claims to have a paper from the petitioner's grantor under which he claims title, but the character of which is not shown, is not sufficient to deprive the petitioner of his remedy by summary proceeding and remit him to an action of ejectment. (HARDIN, P. J., dissenting.)

*Semble,* that the only defenses which can be interposed in a summary proceeding for a forcible holding out are those prescribed by section 2245 of the Code of Civil Procedure, namely, (1) a denial of the forcible holding out; (2) that the defendant, or his ancestor, or those whose interest he claims, had been in quiet possession for three years before the forcible detainer, and that his interest has not ended or determined.

APPEAL by the defendants, Frances M. Sprague and Charles Sprague, from a judgment of the County Court of Chemung county in favor of the petitioner, entered in the office of the clerk of that county on the 24th day of March, 1893, reversing a judgment of a justice of the peace in favor of the defendants.

*Frederick Collin,* for the appellants.

*Baldwin & Baldwin,* for the respondent.

MARTIN, J. :

I think the judgment of the County Court should be affirmed. This proceeding was instituted by the respondent under title 2 of chapter 17 of the Code of Civil Procedure, to acquire the possession of the farm or premises in question. The respondent's claim as finally made was based on the allegation that the appellants by force held the possession of the premises sought to be recovered. The answer was in effect a general denial of the allegations in the petition, but contained no allegation that the appellants, or their ancestor, or those whose interest they claimed, had been in quiet possession of the property for three years before the alleged forcible detainer, as provided by section 2245.

On the trial the justice dismissed the proceeding and rendered judgment against the respondent, with costs, on the ground that, as the appellants claimed a right to the possession of the premises, he had no jurisdiction of the proceedings. From that judgment the respondent appealed to the County Court of Chemung county, where the judgment or final order made by the justice was reversed. The propriety of the last judgment is the question here to be determined.

The Code provides that a person who, having peaceably entered upon real property, holds the possession thereof by force, may be removed therefrom, as provided in the foregoing title of the Code. (§ 2233.) Where the application is founded upon an allegation of forcible holding out of possession, the petitioner must allege and prove that he was in constructive possession at the time of the forcible holding out, and the adverse party must either deny the forcible holding out, or allege that he, or his ancestor, or those whose interest he claims, had been in quiet possession for three years together next before the alleged forcible detainer, and that his interest is not ended at the time of the trial.

That Jacob Lowman owned and was in possession of the premises in question at the time of his death is in no manner disputed. That the premises were devised to Frank L. Clearwater by the last will

and testament of Jacob Lowman is also undenied. The undisputed evidence likewise shows that Seymour Lowman was the duly appointed guardian of Frank L. Clearwater, who was an infant. Thus the title was in Clearwater, and the right of possession was confessedly in Seymour Lowman as such guardian. While he was temporarily absent, the appellants, against the will and protest of the respondent's servant, entered upon the premises, built a small shanty, into which they moved, and claimed to be in possession of the whole farm. Upon the respondent's return, within a few days after such entry, he sought to regain the possession of the premises, but was forcibly held out by the appellants. The only pretense or claim of any right to the possession made by the appellants was that Frances had said that she had some paper from Jacob Lowman, the character and provisions of which are totally unknown to this court, as they were to the court below. There was no proof whatever that any paper relating to, or which conferred upon the appellants the title or right of, possession to the premises in fact existed, or ever had existed. The most that can be said is that the evidence showed that the appellants made a naked, unsubstantiated claim to the premises, without assertion or notice of its character. So far as the evidence is concerned, the appellants appeared to be total strangers to the property, without any right therein.

Under these circumstances, it seems to me that the justice erred in dismissing the proceeding and rendering judgment for the respondent. By reference to the petition, it will be seen that it is alleged that Frank L. Clearwater was the owner in fee of the premises, and that the petitioner was the general guardian of his estate and person. The proof was undisputed that the title was in the infant, and that the respondent was his duly constituted guardian, and was in possession when defendant unlawfully entered. Thus it would seem that it was in effect both alleged and proved that the respondent was in constructive possession of the premises, within the meaning of section 2245 of the Code, at the time he was forcibly held out by the appellants.

I am unable to concur in the conclusion that there was no allegation or proof that the petitioner was in constructive possession of the property, or that there was such a claim of right by the appellants as justified the justice in dismissing the proceeding. Under

the evidence and proceedings as they stood at the close of the trial, I am of the opinion that the respondent was entitled to the relief sought.

Constructive possession is that which exists in contemplation of law without personal occupation. I think the words " constructive possession," as used in this statute, were intended to apply to a case where the petitioner had the title in fee, or an absolute right of possession by some other grant, and who would, therefore, be entitled to the actual possession but for the forcible holding out of it by the person sought to be removed. (*Brown* v. *Volkening*, 64 N. Y. 80; *Bliss* v. *Johnson*, 94 id. 235; *People* v. *Field*, 52 Barb. 198, 210.) If those words are not to be thus construed, they are meaningless, and I am unable to perceive how any one can be removed from premises forcibly held by him where the possession was obtained by stealth or in the absence of the person entitled thereto. I think a fair construction of the statute does not justify the conclusion that the respondent was not entitled to the relief sought because he failed to allege and prove that he was in constructive possession. That he has alleged and proved the facts which show him in such possession seems to me clear, and I cannot believe that the mere claim by the appellants that they had a paper under which they claimed title was sufficient to defeat the respondent when there was no proof as to its character, or even of its existence. If such be the law, the remedy given by the Code for forcible entry and detainer can be enforced only where the entry was by force.

Can it be that if a man peaceably enters a house during the absence of its owner, and upon his return claims that he has some paper from the owner's grantor and refuses to remove, that the owner has no remedy except by an action of ejectment ? I think not. It appears to me that the provisions of the Code relating to this subject were intended to apply to a case like this.

But it is said that the cases of *Bliss* v. *Johnson* (73 N. Y. 534; 94 id. 235) and *Alexander* v. *Griswold* (44 N. Y. St. Repr. 121) are adverse to the decision of the County Court, and sustain that of the justice. In *Bliss* v. *Johnson* the action was for assault and battery. The defendants sought to justify on the ground that one of them owned the land, and on the first trial they offered to prove that the title to the *locus in quo* was in one of the defendants. This evidence

was rejected, and the Court of Appeals held that the court erred in excluding the evidence. In delivering the opinion on the first appeal in this case ANDREWS, J., said : " An entry by a stranger without right, during the temporary absence of the plaintiff, would not have divested his possession, and he would have been justified in removing the intruder· by force. But his prior possession gave him no such right as against the defendants. The true owner of land wrongfully held out of possession may watch his opportunity, and if he can regain possession peaceably may maintain it, and lawfully resist an attempt by the former occupant to retake possession, nor will he be liable to be proceeded against under the statute of forcible entry and detainer. There can be no wrongful detainer by the true owner when·the entry was both lawful and peaceable."

On the second appeal it was held that one holding the legal title to land, although not actually occupying it, will be considered as constructively in possession thereof, unless it is in the actual hostile occupancy of another under a claim of title. It was also held that the evidence in that case was insufficient to establish a claim by adverse possession. It may be remarked, in passing, that the above case was not a proceeding under the statute relating to forcible entry and detainer, and, hence, the decisions have no bearing upon the question under consideration, except as they declare generally the right of the owners of land to its possession.

The *Alexander* case was. a proceeding under the statute relating to forcible entry and detainer, and in that case it was held that a landlord having made a quiet entry and regained possession of leased premises under a claim of right, an action of unlawful detainer could not be maintained against him or any person to whom he thereafter leased the premises.

In *Kelly* v. *Sheehy* (60 How. Pr. 439) it was held that the proper interpretation of section 2233 was that the proceedings for forcibly holding out may be maintained, not only in cases of forcible entry, but in cases where one peaceably enters upon real property, without right, and holds the possession thereof by force, and that in that case, as the entry was without right, and the real property was held by force, it was held that the section applied.

I find nothing in the cases relied upon which seems to aid the appellants. On the contrary, they tend to uphold the decision of

the County Court. If the appellants had alleged and showed title, then the doctrine of these cases would have been applicable. Moreover, it would seem that under the provisions of section 2245, the only defenses the appellants could interpose were : (1) A denial of the forcible holding out; and (2) that they, or their ancestor, or those whose interest they claimed, had been in quiet possession for three years before the forcible detainer, and that their interest has not ended or determined. I think the judgment of the County Court is right, and should be sustained.

MERWIN, J., concurred.

HARDIN, P. J. (dissenting) :

Appeal from a judgment of the County Court of Chemung county reversing a justice's judgment rendered against the plaintiff for costs in summary proceedings. Plaintiff's petition alleges possession of the premises described therein, and that " while your petitioner was so in such lawful, actual, peaceable occupation, and on or about the 28th day of July, 1892, as petitioner is informed and believes, certain persons, among others Charles Sprague and Frances Sprague, did unlawfully and against the will of your petitioner make an unlawful and forcible entry into and upon said premises, and did then and there unlawfully and forcibly eject and expel your petitioner's employee from said premises, and has in like manner on said 28th day of July last, and on divers days and times since said 28th day of July last, did hold the possession of said premises by force, * * * and have ever since held and still unlawfuly and forcibly hold, in like manner, your petitioner and his employees out of possession of said premises, contrary to the form of the statute." The answer contains a denial of all the allegations of the petition. When the parties were before the justice on the return of the precept a waiver was made in the following language : ".Plaintiff waives that part of the petition relating to forcible possession of the premises in question and concedes that defendant got possession without force." The justice denied the prayer of the petition, and in doing so stated the following grounds : " *First.* The petitioner concedes that the defendant did, on the 28th day of July, 1892, enter on and take peaceable possession of said premises. *Second.* Petitioner swears that since the 28th day of July the

defendants have and do now hold possession of said premises. *Third.* By the evidence of the petitioner the defendants claim a right to the possession of said premises. What that right may be this court has no jurisdiction to determine. Therefore, the court has to concede that the defendants' right to possession of said premises is sufficient to hold the same until the proper courts decide who is the actual owner of said premises. I, therefore, dismiss this action and render judgment against the plaintiff in favor of defendants, with costs."

After the elimination from the case, by concession, of the allegation relating to forcible entry, there remained only to be considered the question whether the defendants were brought within the provision of section 2245 of the Code of Civil Procedure as to "forcible holding out." That section seems to require that where the proceeding is founded upon "forcible holding out," that the petitioner should be "in constructive possession at the time of the holding out." No such averment is found in the petition, nor does the proof given before the justice require a finding to that effect. On the contrary, the justice was called upon to find upon the proofs submitted to him, and in doing so, to construe the evidence and determine what part of it he would give credence to, and in doing so he has in effect found that the plaintiff was not in constructive possession at the time of the commencement of the proceedings, nor at the time of the trial. The justice has in effect found that the defendants were in possession, and that they made "a claim of right to the possession of said premises." By the evidence given upon the trial it appears that the defendants claimed to be in possession under a right, and they put their refusal to remove from the premises on the ground that they were there rightfully. The female defendant alleged, at the time the plaintiff sought to regain possession of the premises, her right to the same. In the course of the plaintiff's testimony he says: "Mrs. Sprague said she had had legal advice, and proposed to stay there, if she had to do it by force. They said I had no right there, and ought not to try and get it away from them; asked Mrs. Sprague what kind of a title she had of the place; she said she had a paper signed by Jacob Lowman." It appeared by the evidence that Jacob Lowman was the former owner of the premises, and was the party from whom

the plaintiff claimed to derive title. It seems that the doctrine laid down by ANDREWS, J., in *Bliss* v. *Johnson* (73 N. Y. 534) is applicable to the case in hand. In the course of that opinion he says : " The defendants entered upon the land during the absence of the plaintiff, peaceably and without force, and from that time they were in actual possession, and the possession of the plaintiff was determined. An entry by a stranger without right during the temporary absence of the plaintiff would not have divested his possession, and he would have been justified in removing the intruder by force. But his prior possession gave him no such right as against the defendants. The true owner of land wrongfully held out of possession may watch his opportunity, and if he can regain possession peaceably may maintain it, and lawfully resist an attempt by the former occupant to retake possession, nor will he be liable to be proceeded against under the statute of forcible entry and detainer. There can be no wrongful detainer by the true owner when the entry was both lawful and peaceable." We think the findings which the justice was warranted to make, and in effect did make, brought the case within the principle just quoted. The premises were in the actual occupancy of the defendants, and the occupancy was hostile, and was under a claim of title, and the plaintiff was not, therefore, constructively in the possession of the premises according to the rule laid down in *Bliss* v. *Johnson* (94 N. Y. 235). The rule which is applicable to the case before us, we think, is correctly laid down in *Alexander* v. *Griswold* (44 N. Y. St. Repr. 121). After stating numerous cases the opinion concludes as follows : " Respondent Griswold having made a quiet entry and gained possession under a claim of right, the law will not suffer that right to be attacked, except by an action duly brought by the respondent for that purpose." It seems that the decision made in this case is not a bar to an action of ejectment. (Code, § 2264.) The foregoing views lead to the conclusion that the decision of the justice was correct, and that the judgment of the County Court reversing the justice's judgment should be reversed, with costs, and the judgment of the justice affirmed, with costs.

Judgment of the County Court affirmed, with costs.