Kenneth N. Browne, J.
This is an action brought by the plaintiffs against the defendant to recover $550 under “ coverage D ” (off-premises theft) under a homeowner’s policy.
*181 The facts as testified to by the plaintiffs and nncontradicted by the defendant, are that at or about 7:00 p.m. on May 1, 1971 the plaintiff (wife) parked and locked her vehicle on the public way in front of 45-59 165th Street in the County of Queens. The trunk of said vehicle contained items of personal property as follows:

That, thereafter, on May 2, 1971 the plaintiffs discovered the vehicle was missing, reported the same to the 110th Police Precinct and thereafter reported the same to their insurance company. The vehicle has never been recovered.
This matter came on for trial before me, without jury, and at the end of the entire case this court reserved decision. The matter herein appears to be one of first impression, in that the automobile containing the personalty herein alleged to be stolen was never recovered. That being so, the insured could not produce it for inspection by the insurer, or prove at the trial that the loss of the contents of the trunk thereof was occasioned by “ forcible entry (of which there must be visible evidence) ”.
The law recognizes the presumption of continuance. This general rule recognizes that where the existence at one time of a certain condition or state of things of a continuing nature is shown the general presumption arises that such condition or state continues to exist until the contrary is shown, either by circumstantial or direct evidence so long as is usual with conditions or things of the particular nature. (Amer. & Eng. Encyclopedia of Law [2d ed.], 1238; Matter of Huss, 126 N. Y. 537; Wilkins v. Earle, 44 N. Y. 172; Walrod v. Ball, 9 Barb. 271; *182 Cooper v. Dedrick, 22 Barb. 516; Smith v. Smith, 4 Paige ch. 432; 1 Greenleaf, Evidence, § 41.)
In the case at bar, it is undisputed that the vehicle itself and its trunk compartment were locked at the time the automobile was stolen. No evidence having been produced by the insurer to rebut the presumption of said locked condition, it follows, therefore, that that state of condition presumptively continued as long as is usual with conditions or things of that particular nature. In cases involving the stealing of automobiles it may be generally inferred that the thief will exploit to the fullest extent possible the object of the theft. Further, it is not without logic to believe that such exploitation will encompass the breaking and entering of the trunk compartment and the removal of the contents thereof. The preponderance of instances of such breaking and entering would, without doubt, leave visible evidence thereof.
Basic rules for the construction of contracts of insurance do not differ from those to be applied in the construction of other contracts; but resort to a literal construction may not be had where such a construction would lead to an obvious absurdity (Silverstein v. Metropolitan Life Ins. Co., 254 N. Y. 81) or place one party at the mercy of the other (Russell v. Allerton, 108 N. Y. 288).
Contracts of insurance containing exceptions to coverage (as here) will be construed in a manner consistent with the understanding of the ordinary person- — not necessarily as the insurance company would have it construed. (Lewis v. Ocean Acc. & Guar. Corp., 224 N. Y. 18; Silverstein v. Metropolitan Life Ins. Co., supra.) Consistently followed in this State has been the rule that the policy must be construed reasonably and that it be given a practical construction not thereby with the result that there be a revision of the policy or an increase of the risk, thus extending the resulting liability, but for the purpose of determining what the parties must have reasonably intended by its terms when the policy was written by the defendant and accepted by the plaintiffs. (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44; Goldstein v. Connecticut Gen. Life Ins. Co., 273 N. Y. 578; Williams v. John Hancock Mut. Life Ins. Co., 245 App. Div. 585; Garms v. Travelers Ins. Co., 242 App. Div. 230.)
The policy here considered states in coverage “D” as follows : ‘ ‘ Unless otherwise endorsed hereon loss by theft to personal property away from the premises is not covered.” An endorsement attached to the policy states that such loss is recov *183 erable where it is “ Property left unattended in a private passenger motor vehicle on a public way or in a public garage or in a public parking lot, unless the loss be the result of forcible entry (of which there must be visible evidence) into a fully enclosed body or compartment (not including a glove compartment) the doors and windows thereof have been locked
The exclusion herein involved is patently ambiguous. In the stated terms and conditions under which the insured could recover for loss of property within the automobile, the insurer stated that there must be inter alia, ‘ ‘ forcible entry ”. “ Forcible Entry” can have no reference to personal property (such as an automobile) and is clearly ambiguous in this connection. Black’s Law Dictionary (4th ed., p. 774) defines forcible entry as “ Violently taking possession of lands and tenements with menace, force and arms against the will of those entitled to possession and without the authority of law.” (See, also, Carter v. Anderson, 16 Daly 437.) Under former section 1412 of the Civil Practice Act forcible entry was defined as one which was made 1 ‘ not in a peaceful manner ’ ’, but ‘ ‘ with strong hands or with multitude of people.” Former section 1412 of the Civil Practice Act now appears in part in subdivision 10 of section 713 of the Real Property Actions and Proceedings Law, thus showing again its further exclusive application to the law of real property. Therefore, as a matter of law, and according to the express terms of the exclusion, the policyholder here could never recover. It would therefore appear that this result was never contemplated by the parties. No homeowner would knowingly pay an additional premium of $41, as here, to insure against a risk for which he could never recover. The fact that in other instances the insurer may have paid claims wherein this exclusion appeared is of no moment whatsoever.
A close reading of the language of the exclusion leads this court to the inevitable question: Would an ordinary policyholder believe that his personal property, enclosed within the trunk of his automobile, was uninsured against theft, where the automobile itself was stolen and never recovered? This court thinks not.
When the issue turns, not on the initial coverage provisions, but on subsequent exclusionary provisions of the policy, as here, the burden is on the insurer to prove that the cause of the loss is within the exclusion. (Sachs v. American Century Ins. Co., 34 Misc 2d 687, affd. 19 A D 2d 538, mot. for lv. to app. den. 13 N Y 2d 597.) The insurer offered no evidence in this matter.
*184 In light of the foregoing, I find as follows:
1) That the loss herein sued for was covered by the instant policy;
2) That the plaintiffs have borne their burden of proof;
3) That the defendant has failed to carry its burden of proof; and
4) That judgment should be found for the plaintiffs. Judgment, accordingly, for the plaintiffs in the sum of $331.62
(said sum appearing to be the value of the property at the time and place of loss), with interest from May 1, 1971.